956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 COLUMBIAN FINANCIAL CORPORATION, Plaintiff-Appellee,
v.
BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA, Defendant-Appellant.
 No. 90-3327.
 United States Court of Appeals, Tenth Circuit.
 Feb. 6, 1992.
Order Reissuing Order and Judgment Nunc Pro Tunc
March 5, 1992.
 
 D.Kan., No. 90-4033-S.
 Michael W. Merriam of Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for plaintiff-appellee.
 Anne L. Baker and Charles N. Henson of Davis, Wright, Unrein, Hummer & McCallister, Topeka, Kan., for defendant-appellant.
 D.Kan.
 REVERSED AND REMANDED.
 
 
 1
 Before SEYMOUR and EBEL, Circuit Judges, and BABCOCK,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BABCOCK, District Judge.
 
 
 4
 This action was filed pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 (ERISA). Defendant Business Men's Assurance Company of America (BMA) appeals the district court's judgment, on the parties' cross-motions for summary judgment denying BMA's motion and granting plaintiff Columbian Financial Corporation (Columbian) judgment on its ERISA claim. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. We reverse and remand with directions.
 
 
 5
 This appeal presents one dispositive issue: who, pursuant to the terms of the parties' agreement for health care insurance coverage to Columbian's employees, is liable for the initial $10,000 in medical expenses incurred by an employee, resulting from a previously covered condition, after the termination of the parties' agreement. The district court determined that BMA was liable for the disputed amount. Columbian Fin. Corp. v. Businessmen's Assurance Co., 743 F.Supp. 772, 776-77 (D.Kan.1990).
 
 
 6
 We review the district court's summary judgment decision de novo, viewing the evidence in the light most favorable to the party opposing the motion. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). A party will be entitled to summary judgment only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 7
 The facts are undisputed. Columbian entered into an Administrative Services Only Agreement with BMA, effective July 1, 1984. Appellant's App. at 29. Under the terms of this agreement, BMA agreed to administer Columbian's Health Benefit Plan (the Plan), created by Columbian for the benefit of its employees.
 
 
 8
 In November 1984, Columbian adopted the Plan for its employees. Id. at 33-53. The Plan was funded by Columbian to provide health care benefit coverage to its employees for medical expenses up to $10,000 per year for each covered individual. It provides that:
 
 
 9
 Columbian ... establishes this health benefit plan ... for certain employees (referred to as Individuals) and their eligible dependents. [Columbian] agrees to pay the benefits in this Plan up to $10,000.00 per Covered Person each Benefit Year....
 
 
 10
 Claim payments under this Plan shall be handled by BMA.... (Emphasis Added).
 
 
 11
 At that time, Columbian also purchased a stop loss insurance policy from BMA. That policy incorporated the terms of the Plan and established each parties' liability for medical expenses incurred by individual Plan participants. It states in relevant part:
 
 
 12
 SPECIFIC STOP LOSS DEDUCTIBLE--The Specific Stop Loss Deductible is the amount of benefits paid by [Columbian]:
 
 
 13
 on behalf of any one Covered Person for expenses incurred during any one Benefit Year; and
 
 
 14
 in accordance with the benefits stated in the Plan.
 
 
 15
 The Benefit Year [July 1 through June 30] and the amount of the Specific Stop Loss Deductible [$10,000] are shown on the Cover Page.
 
 
 16
 SPECIFIC STOP LOSS BENEFIT--Once the Specific Stop Loss Deductible has been met with respect to a Covered Person during a Benefit Year, BMA will pay any remaining benefits due:
 
 
 17
 on behalf of that Covered Person for expenses incurred during the same Benefit Year; and in accordance with the benefits stated in the Plan.
 
 
 18
 LIABILITY FOR PAYMENT--During any one Benefit Year, BMA will not be liable for the payment of any benefits under this policy prior to satisfaction of the Specific Stop Loss Deductible. [Columbian] will not be liable for the payment of benefits under this policy for any one Covered Person once the Specific Stop Loss Deductible for that Covered Person has been met. (Emphasis Added).
 
 
 19
 Id. at 59 (stop loss policy).
 
 
 20
 The Plan provided that an insured individual's coverage would terminate on the date the Plan terminated. Id. at 46. In the event coverage terminated, however, the Plan also provided that coverage for medical expenses would be extended under certain circumstances.
 
 
 21
 One of Columbian's employees, Linda Darr, was injured and began incurring medical expenses June 6, 1986. From June 6 until the policy year ended, June 30, 1986, Ms. Darr incurred medical expenses in excess of $10,000. The parties paid those expenses pursuant to the terms of the stop loss policy. Neither party questions its liability for those expenses.
 
 
 22
 Effective June 30, 1986, at the completion of the policy year and while Ms. Darr continued to incur medical expenses, Columbian terminated the Plan and the stop loss policy and changed its employee health care benefit coverage to Blue Cross and Blue Shield (Blue Cross). After Termination of the Plan, Ms. Darr incurred further medical expenses totalling $16,842.69.
 
 
 23
 Ms. Darr submitted to BMA a timely proof of loss concerning her medical expenses incurred after the Plan's termination. Following negotiations between Columbian, BMA, and Blue Cross, BMA agreed to pay Ms. Darr's remaining medical expenses in excess of the $10,000 stop loss policy's deductible, under the Plan's extension of benefits provision. However, relying on the stop loss deductible provision of the Plan, BMA refused to cover the initial $10,000 in expenses incurred after Columbian terminated the Plan. Columbian reimbursed Ms. Darr for the initial $10,000 in medical expenses incurred following termination of the Plan and the filed this action under 29 U.S.C. § 1132(a)(3) to recover that amount from BMA.
 
 
 24
 The district court, in determining that BMA was liable for the initial $10,000 in medical expenses incurred by Ms. Darr after Columbian terminated the Plan, focused on the language in the Plan's extension of benefits provision which stated that "benefits may be extended without payment of contributions." The district court, focusing upon that language, determined that
 
 
 25
 the policy in question is ambiguous regarding the parties' respective duties under the extension of benefits provision. Although the provision states that benefits are extended "without payment of contributions" after coverage terminates, the word "contributions" is ambiguous, and could mean only payments by the individual (as [BMA] urges) or payments from either the individual or the employer (as [Columbian] urges). The policy does not specifically state whether the employer's deductible of $10,000 per covered person per benefit year is required when benefits are paid under the extension of benefits provision after a contractual benefit year has ended. Neither the extension of benefits provision nor anything else in the relevant documents, including the Administrative Services Agreement, the Health Benefit Plan and the Specific Stop Loss Medical Insurance Policy, definitively resolves the question of whether Columbian is liable for the $10,000 deductible under the situation presented in this case.
 
 
 26
 Columbian Fin., 743 F.Supp. at 776-77. The district court then construed the perceived ambiguity against the insurer. Id. at 777. The district court, therefore, determined BMA to be liable for the $10,000 in question. Id. This appeal ensued after denial of BMA's motion for reconsideration.
 
 
 27
 We disagree with the district court's determination of ambiguity. The Plan defines the obligations and benefits between the Plan and the Plan participants. Throughout the Plan, the term "contributions" clearly refers to payments required from Plan participants. See Appellant's App. at 45-46 (Plan provisions concerning coverage for individuals); 47-48 (Plan provisions concerning coverage for dependents). The term "contribution" in the Plan's extension of benefits provision refers only to contributions to be made by Plan participants. See Kennewick Irrigation Dist. v. United States, 880 F.2d 1018, 1032 (9th Cir.1989).
 
 
 28
 We hold that the entire agreement of the parties, including the Administrative Services Only Agreement, the stop loss policy, and the Plan incorporated into that policy, clearly and unambiguously provides that Columbian would be liable for the first $10,000 in medical expenses incurred by a covered individual for each policy year. BMA would be liable only if a covered individual incurred medical expenses in excess of $10,000 in a given policy year. While the extension of benefits provision provided that, in certain circumstances, coverage under the Plan would continue after the termination of benefits, nothing in the language of that provision, or any other provision found in the parties' agreement, indicates that Columbian's responsibility for the initial $10,000 in medical expenses incurred in a given year would be altered after termination of the Plan. Pursuant to the clear terms of the parties' agreement, therefore, Columbian remained liable for the initial $10,000 in medical expenses incurred by Ms. Darr following termination of the Plan.
 
 
 29
 We, therefore, REVERSE the district court's decision denying BMA's summary judgment motion and granting Columbian's motion. We REMAND this cause to the district court with directions to enter judgment in favor of BMA on its motion for summary judgment.
 
 ORDER
 
 30
 (March 5, 1992)
 
 
 31
 To correct the filed date of January 6, 1992 on the order and judgment actually filed and entered on February 6, 1992, the order and judgment is reissued nunc pro tunc February 6, 1992.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This Order and Judgment has no precedential value and shall not be cited or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3