931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Barbara TOLIVER, Plaintiff-Appellant,
v.
SEQUOYAH FUELS CORPORATION, Defendant-Appellee.
 No. 89-7096.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1991.
 
 Before STEPHEN H. ANDERSON and TACHA, Circuit Judges, and KANE,* District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Barbara Toliver appeals from the district court's entry of summary judgment in favor of defendant Sequoyah Fuels Corporation (SFC) in this gender based Title VII action. Ms. Toliver filed suit against SFC alleging supervisors within the company sexually harassed her, creating a hostile work environment which management was aware of but did not remedy. We affirm the district court in all respects.
 
 I.
 
 3
 Plaintiff is a chemical operator at the SFC plant in Gore, Oklahoma. In her complaint she alleged Jack Jamison, a supervisor at the facility, sexually harassed her in September and October of 1987. Ms. Toliver reported these incidents to her supervisor, Jim Hummingbird, on October 13, 1987. On that same date, Jack Jamison began a two week vacation. While he was gone, plaintiff spoke with a female supervisor about the harassment. That supervisor encouraged her to report the incidents to the manager of the facility, which she did. Ms. Toliver told the manager about specific incidents involving Jamison, and also alleged two other supervisors, including Jim Hummingbird, harassed her. She did not give any specifics relating to the alleged harassment from the other two supervisors.
 
 
 4
 Management immediately investigated the matter and suspended Jack Jamison on November 19, 1987. After further inquiry, Jamison was terminated on November 28. Following the termination, SFC's human resources manager met individually with Jim Hummingbird and the other supervisor plaintiff implicated in the harassment. She also met with other supervisors and employees at the plant to discuss SFC's position regarding sexual harassment. SFC's employee handbook set out the company's policy prohibiting sexual discrimination and harassment. Ms. Toliver received a copy of the handbook in July 1987.
 
 
 5
 Ms. Toliver's complaint was originally filed on February 16, 1989. In it, she alleged there was a "pattern and practice" of harassment at SFC which was well known to management. She further alleged management took no action to protect her or others. Rec. Vol. I doc. 1 at 2. After discovery was completed, SFC filed a motion for summary judgment, urging the company could not be held liable for failing to remedy a hostile work environment. The district court agreed. On appeal, Ms. Toliver asserts factual issues preclude summary judgment, and that the district court erred in its application of the law to this case.[1]
 
 II.
 
 6
 As an appellate court, we review a grant of summary judgment de novo, in the same manner used by the district court. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate only where there are no genuine issues of fact and one party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c). In this regard, the mere existence of some factual dispute will not defeat a summary judgment motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-8 (1986). Rather, the factual dispute must be genuine and material to the issues presented. Id. Conclusory allegations are not sufficient to establish factual issues. See Setliff v. Memorial Hosp. of Sheridan County, 850 F.2d 1384, 1392 (10th Cir.1988). Finally, once a motion for summary judgment is properly supported and submitted, it is the opposing party's burden to come forward and show evidence that genuine issues of fact exist which preclude summary judgment. Anderson, 477 U.S. at 248. Plaintiff failed to sustain her burden in this regard.[2]
 
 III.
 
 7
 In Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57 (1986), the Supreme Court recognized that sexual harassment which affects a "term, condition, or privilege" of employment is actionable under Title VII. Id. at 67. In order to maintain this type of claim, however, the harassment "must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment' Id. (quoting Henson v. City of Dundee, 682 F.2d 897, 904 (11th Cir.1982)). Plaintiff's complaint alleges a single cause of action based on sexual harassment which created a hostile work environment.
 
 
 8
 When analyzing whether an employer will be held liable for a hostile work environment sexual harassment claim asserted as a result of employee conduct, courts look to agency principles. See Meritor, 477 U.S. at 72; Hirschfeld v. New Mexico Corrections Dep't, 916 F.2d 572, 576 (10th Cir.1990). In particular, courts have looked to section 219 of the Restatement (Second) of Agency for guidance in this area. Hicks v. Gates Rubber Co., 833 F.2d 1406, 1417 (10th Cir.1987).
 
 
 9
 Section 219(1) offers little assistance here, as it provides that any employer may be held liable for employee torts committed "while acting in the scope of their employment." Restatement (Second) of Agency Sec. 219(1) (1958). In light of SFC's undisputed policy prohibiting sexual harassment, this provision has no application to this case. See Hicks 833 F.2d at 1418 (confining liability to situations where employee was acting within the scope of his employment could lead to absurd results because only employers promoting or overtly condoning harassment would be liable).
 
 
 10
 Section 219(2)(b) and (d) are more probative. These sections impose employer liability when 1) the employer was negligent or reckless or 2) the employee purported to act or speak on behalf of the employer and there was reliance on apparent authority, or the employee was aided in accomplishing the tort by the existence of the agency relationship. See Restatement (Second) of Agency Sec. 219(2) (1958). We agree with the district court that SFC cannot be held liable under either one of these theories, which are addressed below.
 
 A. Employer Negligence or Recklessness
 
 11
 Negligence or recklessness in failing to respond to hostile work environment sexual harassment can result in employer liability. See Hirschfeld, 916 F.2d at 577. The standard for imposing liability in this context is whether the company "fail[ed] to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the exercise of reasonable care should have known." Id. (quoting EEOC v. Hacienda Hotel, 881 F.2d 1504, 1516 (9th Cir.1989)). Here, the district court held as a matter of law that SFC was not negligent or reckless in remedying sexual harassment. We agree.
 
 
 12
 SFC began investigating Ms. Toliver's claims immediately after the plant manager was informed of the incidents. The alleged offender was suspended then terminated. Company management spoke individually with all the supervisors Ms. Toliver implicated, even though plaintiff was unable to identify any specific incidents of harassment involving those employees.[3] Further, the human resources manager also spoke with other supervisors and employees regarding SFC's policy prohibiting sexual harassment. Finally, it is significant to note that the harassment stopped after SFC took action. See id. at 578; see also Steele v. Offshore Shipbuilding, Inc., 867 F.2d 1311, 1316 (11th Cir.1989) ("Of special importance, [the employee's] harassment ended after the remedial action"). Under these facts, we agree with the district court that SFC's conduct was exemplary in remedying the situation. The company was entitled to judgment as a matter of law.
 
 B. Authority of Agency Relationship
 
 13
 Plaintiff submitted no evidence to indicate Jack Jamison's agency relationship with SFC aided in the sexual harassment or contributed to it. Jamison was not Ms. Toliver's direct supervisor and the record provides no evidence that he used any supervisory authority over plaintiff. See Hirschfeld, 916 F.2d at 579. The record is devoid of even the slightest implication that Jack Jamison ever "took, or threatened to take" disciplinary action against Ms. Toliver. Id. at 579-80 n. 7. For these reasons, the undisputed facts lead to the conclusion that the district court's disposition was correct.
 
 
 14
 Accordingly, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. Appellee is directed to file any request for costs in accordance with Fed.R.App.P. 39.
 
 
 
 *
 Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Ms. Toliver was represented by counsel through the filing of a docketing statement in this court. Her brief was filed pro se
 
 
 [2]
 SFC asserts plaintiff waived her right to argue the factual dispute issue on appeal because she included a statement in her response to the summary judgment motion indicating that "the facts are not essentially in dispute." Rec. Vol. I doc. 29 at 1. We disagree. First, the statement is equivocal. Second, it is clear from a review of plaintiff's response that she was asserting the existence of factual disputes. For these reasons, we will consider this argument
 
 
 [3]
 In her pro se brief, Ms. Toliver argues that her trial counsel failed to conduct a thorough investigation, thus resulting in the district court's adverse ruling. While this argument may entitle plaintiff to a legal malpractice claim, it does not alter our consideration of the issues presented. Both parties were given ample time for discovery, and had the opportunity to present all relevant facts and legal arguments to the district court