982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 DENVER AIR CENTER, INC.; Nolan's R.V. Center, Inc.,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-1319.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1992.
 
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, for damages allegedly resulting from the negligent special issue of a first-class airman medical certificate under 14 C.F.R. § 67.19. On its motion to dismiss or, alternatively, for summary judgment, defendant contended, and the district court determined, that plaintiffs' claims are within the discretionary function exception to liability in 28 U.S.C. § 2680(a). Plaintiffs appeal from the resulting grant of summary judgment in favor of defendant. We affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo, applying the same standard as applied by the district court. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Summary judgment should be granted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 The facts are adequately set out in the district court's Memorandum Opinion and Order entered August 13, 1991. We find it unnecessary to repeat them here because the district court correctly concluded that, although there are disputes of fact, it is unnecessary to decide them. None of the disputes of fact are material because the conduct at issue, the special issue of an airman medical certificate, is a discretionary decision which necessarily implicates policy concerns--specifically, the safety of air commerce. See 14 C.F.R. § 67.19(a). The decision to special issue an airman medical certificate is, therefore, shielded from tort liability by the discretionary function exception, no matter how negligently the decision may have been made.
 
 
 5
 We have considered plaintiffs' arguments carefully and affirm the order of the district court for substantially the same reasons set forth in the district court's Memorandum Opinion and Order entered August 13, 1991, a copy of which is attached.
 
 
 6
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 ATTACHMENT
 
 7
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 Civil Action No. 89-M-553
 
 8
 DENVER AIR CENTER, INC. and NOLAN'S R.V. CENTER, INC., Plaintiff,
 
 
 9
 v.
 
 
 10
 UNITED STATES OF AMERICA, Defendant.
 
 
 11
 Aug. 13, 1991.
 
 MEMORANDUM OPINION AND ORDER
 
 12
 MATSCH, District Judge.
 
 
 13
 This is an action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. Nolan's R.V. Center, Inc. as the owner, and Denver Air Center, Inc. as lessee of a 1981 Cessna 441 Conquest airplane seek to recover their losses arising from a fatal crash of that aircraft on the night of August 28, 1986, when the plane was being flown by Jack Meador, a pilot employed by Denver Air Center. The plaintiffs claim that the cause of the crash was acceleration vertigo suffered by the pilot who had lost his vestibular abilities as a result of the surgical removal of an acoustic tumor from his right ear on April 30, 1986. The claim against the government is that the Federal Aviation Administration (FAA) negligently issued a First-Class Medical Certificate for Jack Meador. More particularly, the plaintiffs claim that the special issuance of that certificate was in violation of FAA regulations; that the agency did not adequately review medical records before the issuance; that the agency did not conduct an adequate test for equilibrium; that the agency failed to restrict Meador from night flight operations and failed to require a longer period of recovery from surgery before issuance of the medical certificate.
 
 
 14
 The relevant standard for a First-Class Medical Certificate is in 14 C.F.R. § 67.13(c), which requires "no disturbance in equilibrium." Generally, pilots are examined by an aviation medical examiner (AME) who issues or denies medical certificates based upon compliance or non-compliance with the applicable medical standards. Pilots who do not meet the medical standards may apply for special issuance of a medical certificate and under 14 C.F.R. § 67.19, the Federal Air Surgeon has discretionary authority for a special issue of a medical certificate if the applicant shows that his duties can be performed without endangering air commerce. The Federal Air Surgeon may authorize a special medical flight test, a practical test, or medical evaluation for this purpose. The authority of the Federal Air Surgeon has been delegated to the Chief, Aeromedical Certification Branch under 14 C.F.R. § 67.19(f).
 
 
 15
 Pilot Meador had a First-Class Medical Certificate before his surgery. The surgeon, Dr. Goin, wrote two letters, dated June 3, 1986, and July 8, 1986, concerning Meador's physical condition. On July 14, 1986, James Evans, a medical records examiner at the Aeromedical Certification Branch of the FAA in Oklahoma City, reviewed Jack Meador's medical file, including those two letters from Dr. Goin. Evans apparently did not consider equilibrium to be a problem with this pilot. Evans authorized Meador to take a special medical flight test for defective hearing in his right ear and sent Meador a First-Class Medical Certificate valid for that flight test. Evans also sent an unrestricted First-Class Medical Certificate to the FAA District Office for issuance to Meador upon his completion of the special medical flight test by an FAA Safety Inspector.
 
 
 16
 The defendant has moved to dismiss or, alternatively, for summary judgment, contending that the plaintiffs' claims are within the discretionary function exception to liability in 28 U.S.C. § 2680(a).
 
 
 17
 The question must be considered under Rule 56 because the defendant relies on facts which are not included in the plaintiffs' complaint. The plaintiffs claim there are material facts in dispute. The plaintiffs have evidentiary support for the contention that the medical flight test required by Evans was not given. The FAA records do not include the appropriate record for such a test. Meador's pilot's flight log does not show it and the aircraft's log does not show that the plane was used for the test. Additionally, the plaintiffs have submitted the deposition of Dr. James Hill, the Aviation Medical Examiner, who deferred decision on the issuance of the medical certificate to the FAA because of deafness and because of the surgery. The latter reason was not disclosed in Dr. Hill's letter.
 
 
 18
 It is not necessary to decide the disputed facts because the plaintiffs' claims are based upon the negligent issuance of a medical certificate and that agency act comes within the discretionary function exception. It is not relevant whether the negligence was the failure of Dr. Hill, the AME, to evaluate Meador's condition and communicate it accurately; whether Evans was incompetent or negligently read the medical file; whether Robbins failed to conduct an adequate medical flight test or whether the agency failed to apply a medical standard of requiring one year for recovery from the surgery.
 
 
 19
 The Supreme Court has recently given new guidance for the application of the discretionary function exception in United States v. Gaubert, 111 S.Ct. 1267 (1991). There, the Court held that the exception affords protection for "day-to-day" operational decisions based on policy. Clearly, the decision to issue a medical certificate involves the weighing of the pilot's interest in his employment against the safety of air commerce. The conduct in question in this case is the issuance of the certificate and that is a policy decision for which there can be no liability under the Federal Tort Claims Act, however negligently the decision may have been made. This result is consistent with a very recent decision of the Tenth Circuit Court of Appeals in Redmon v. United States, 934 F.2d 1151 (10th Cir.1991), applying the exception to a claim of negligent removal of a "VFR-only" restriction on a pilot's rating. Accordingly, the defendant's motion for summary judgment will be granted.
 
 
 20
 The defendant also has asserted the statute of limitations defense. The administrative claim was filed on August 30, 1988, two years and two days after the plane crash. There is no basis for a finding that the cause of action accrued on the day of the accident or the following day. Accordingly, there is no merit to the statute of limitations contention.
 
 
 21
 Having determined that the plaintiffs' claims are barred by the discretionary function exception, it is
 
 
 22
 ORDERED that the defendant's motion for summary judgment is granted and the judgment of dismissal will enter.
 
 BY THE COURT:
 
 23
 /s/Richard P. Matsch, Judge
 
 EXHIBIT C
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 Civil Action No. 89-M-553
 
 24
 DENVER AIR CENTER, INC. and NOLAN'S RV CENTER, INC., Plaintiffs,
 
 
 25
 v.
 
 
 26
 UNITED STATES OF AMERICA, Defendant.
 
 PLAINTIFF'S NOTICE OF APPEAL
 
 27
 Notice is hereby given that DENVER AIR CENTER, INC. and NOLAN'S RV CENTER, INC., Plaintiffs above-named, by their attorneys, GREENGARD SENTER GOLDFARB & RICE, hereby appeal to the United States Court of Appeal for the Tenth Circuit from the Memorandum Opinion and Order entered in this action on the 13th day of August, 1991.
 
 GREENGARD SENTER GOLDFARB & RICE
 
 28
 /s/Steven J. Dawes
 
 James E. Goldfarb
 Steven J. Dawes
 Attorneys for Plaintiffs
 400 South Colorado Boulevard, Suite 700
 Denver, Colorado 80222
 
 29
 (303) 320-0509
 
 Telecopier: (303) 320-0210
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3