**Robert Thomas BALL, Jr., Plaintiff,**

v.

**Lt. SLEDD, et al., Defendants.**

**No. 90–3534–DES.**

United States District Court,
D. Kansas.

Feb. 4, 1993.

Robert Thomas Ball, Jr., pro se.

Terry D. Hamblin, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is before the court on defendants' motion for summary judgment (Doc. 30). Plaintiff has filed a "motion to show cause" (Doc. 33) in response to the court's Order to Show Cause (Doc. 32), and this matter is now ripe for review.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 and alleges his constitutional rights were violated by the processing of an administrative grievance and by the failure to provide an explanation or hearing during his placement in the Adjustment and Treatment Unit at the Lansing Correctional Facility in March 1990.

Having examined the record in this matter, the court makes the following findings and order.

### Factual Background

Plaintiff began a hunger strike on or about March 5, 1990, while he was incarcerated at the Osawatomie Correctional Facility ("OCF"). As a result, plaintiff was designated for transfer to the Lansing Correctional Facility ("LCF") on the following day. This action was taken pursuant to an internal policy of the Kansas Department of Corrections mandating more restrictive confinement for an inmate on a hunger strike.

Upon his arrival at LCF, plaintiff was placed in administrative segregation and placed in a cell in the Adjustment and Treatment Unit "A & T") for close supervision. He remained in A & T until March 9, 1990, when he entered population after ending his hunger strike. Plaintiff was released on parole on March 16, 1990.

Due to a failure to abide by the terms of his parole, plaintiff was returned to custody in August, 1990. On November 9, 1990, he filed a grievance at OCF alleging his custody classification was improper and further alleging improper conduct by a correctional officer, defendant Irving. Plaintiff sent this grievance directly to the Secretary of the Department of Corrections. The grievance was then returned to the Lansing Correctional Facility, and upon a determination that the issues arose during plaintiff's incarceration at the Osawatomie facility, the grievance was sent to Osawatomie.

On November 27, 1990, the warden of the facility responded to the grievance.

### Discussion

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* Further, in resisting a motion for summary judgment, the nonmoving party may not rest upon mere allegations or denials contained in its plead-

**50**

ings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa, Okla.,* 896 F.2d 1228, 1230 (10th Cir.1990). The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

A review of the record in light of plaintiff's claim of improper segregation procedures demonstrates the action to place him in administrative segregation was taken in compliance with institutional policy. Plaintiff has not identified any conduct which might arguably constitute a violation of his civil rights.

Next, a review of the processing of plaintiff's grievance demonstrates this matter was properly managed. First, classification decisions may not be challenged in a grievance pursuant to Kansas Administrative Regulation 44–15–101a, and this portion of the grievance was appropriately rejected. Next, although the plaintiff's grievance concerning Officer Irving might have been rejected on the failure to timely file as set forth in K.A.R. 44–15–101b, it is plain the facility administrator gave the complaint serious consideration and reasonably concluded no action was needed to correct the situation.

Following a review of the record, the court is persuaded no genuine issue of material fact remains for trial. Thus, the defendants are entitled to summary judgment.

IT IS THEREFORE ORDERED defendants' motion for summary judgment is granted.

The clerk of the court is directed to transmit a copy of this Memorandum and Order to plaintiff and to counsel for defendants.