28 F.3d 112
 2 Wage & Hour Cas. 2d (BNA) 608
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas BEDFORD, John Brown, Roy Wayne Frazier, Lynn E.
Garrett, Larry W. Gooch, William Craig Kedigh, Jeffrey R.
Keester, Kenneth R. Oleson, Ronald Gene Phillips, Kevin
Wall, James Hock, Mike Nettleton; Local 2171 International
Association of Firefighters, as representative of all
similarly situated present and former Firefighters of the
City of Del City, Oklahoma; George Green, Rick Pride, Mike
Davis, Larry King, Ronald Weaver, Scott Hughes, Plaintiffs-Appellants,
v.
CITY OF DEL CITY, a municipal corporation, Defendant-Appellee.
 No. 93-6154.
 United States Court of Appeals, Tenth Circuit.
 June 22, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, LOGAN, and ANDERSON, Circuit Judges.
 
 
 1
 Appellants, firefighters employed by the City of Del City, Oklahoma, and their union ("the firefighters"), brought this action for violations of the Fair Labor Standards Act, 29 U.S.C. 201--219 ("Act"). Following cross motions for summary judgment, the district court granted judgment to the employer City of Del City ("the city"). The firefighters appeal, contending that the district court erred by (1) finding that arbitration awards regarding the agreed-upon work period were immaterial to their action for violation of the Act; (2) ignoring alleged defects in the city's unilateral implementation of work periods under 29 U.S.C. 207(k); and (3) failing to decide whether the city's violations of the Act were willful. We affirm for substantially the same reasons as stated in the district court's opinion.
 
 
 2
 The district court order fully relates the undisputed facts. Order, Appellants' Br.App. at 2-7. We review a summary judgment de novo, applying the same standard as the trial court. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We therefore must "review the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Abercrombie, 896 F.2d at 1230.
 
 
 3
 The firefighters do not dispute that they received overtime compensation according to the formula set out in 29 U.S.C. 207(k), which provides that:
 
 
 4
 No public agency shall ... have violated subsection (a) of this section with respect to ... any employee in fire protection activities ... if--
 
 
 5
 (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours [as determined for employees engaged in similar activities and work periods in 1975]; or
 
 
 6
 (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, ... the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period [as the applicable hours under (A) or (B) above] bears to 28 days, compensation at a rate not less than one and one-half times the regular rate at which he is employed.
 
 
 7
 29 U.S.C. 207(k) (emphasis added). The firefighters admit that the city would not have violated the Act if it could have and properly did adopt its twenty-seven day work period. However, they argue that the city cannot satisfy section 207(k) by utilizing a work period other than the period which three of four arbitrators found operative under the collective bargaining agreement. The firefighters also claim that the city's unilateral choice of a work period greater than the standard seven day week violated state law which requires the parties to bargain for such terms, and that the city failed to follow city code which requires specified action by the city council. Thus, they argue, having failed to follow state and local law as well as the parties' collective bargaining agreement, the city did not validly adopt a twenty-seven day work period. Therefore, 29 U.S.C. 207(a), which requires overtime pay for work in excess of forty hours per week, governs the city's overtime payments. We disagree. Notwithstanding any alleged violation of Oklahoma law or the agreement between the parties, section 207(k) leaves the choice of work period to the employer.[2]
 
 
 8
 As the district court correctly noted, the Act "does not incorporate the labor law' of all cities and states." Order, Appellants' Br.App. at 11 (citing Cosme Nieves v. Deshler, 786 F.2d 445, 452 (1st Cir.), cert. denied, 479 U.S. 824 (1986)). Accordingly, state arbitration awards are irrelevant, since our only concern is whether there has been a violation of the Fair Labor Standards Act. Unlike other sections of the Act, section 207(k) does not refer to the outcome of collective bargaining.[3] The Act therefore permits the city to designate any work period between seven and twenty-eight days, regardless of state law or private agreements. See Lamon v. City of Shawnee, 972 F.2d 1145, 1152 (10th Cir.1992), cert. denied, 113 S.Ct. 1414 (1993). Since the city always met the requirements of 29 U.S.C. 207(k), it did not violate the Act.
 
 
 9
 The firefighters make several other legal arguments regarding the binding effect of arbitration, the city's failure to follow state and local law in setting the work period, and the willfulness of the city's actions. As we have explained, these contract and state law issues are not germane to our determination that the city has not violated the Fair Labor Standards Act. Moreover, these claims are the subject of pending actions in Oklahoma state courts.
 
 
 10
 Finally, the firefighters now assert that the city had to plead compliance with 29 U.S.C. 207(k) as an affirmative defense, even though the firefighters made no such complaint below when they unsuccessfully addressed the merits of that defense. We do not hear arguments presented for the first time on appeal. Cannon v. City & County of Denver, 998 F.2d 867, 878 (10th Cir.1993).
 
 
 11
 For the reasons stated, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 By contrast, some sections of the Act apply only through bargaining or agreement. See, e.g., 29 U.S.C. 203(o), 207(b)(1)-(2), (f), (o)(2)
 
 
 [3]
 The firefighters cite several cases which have applied the terms of the collective bargaining agreement. However, those cases are readily distinguished as involving sections that specifically reference the employment contract (see n. 1 supra), or terms that can only be determined from the employment contract, such as the regular rate of pay (whereas the work period is statutorily defined under 207(k)), or as having been brought under the Labor-Management Relations Act, 29 U.S.C. 141-187 (which expressly excludes any "State or political subdivision thereof." See 29 U.S.C. 152(2))