**UNITED STATES COURT OF APPEALS**
**Filed 9/6/96**
**TENTH CIRCUIT**

RONALD B. TRIPP, D.C.; CAROL
DOROW, D.C.; OKLAHOMA STATE
CHIROPRACTIC ASSOCIATION, an
Oklahoma corporation,

Plaintiffs - Appellants,

v.

GAYLORD SNITKER, D.C.,
individually; KENNETH CHERRY,
D.C., individually; RICHARD
KARAM, individually; THE JOINT
CHIROPRACTIC ASSOCIATION OF
OKLAHOMA, an Oklahoma
corporation,

Defendants - Appellees.

No. 95-6220
(D. Ct. No. CIV-94-285-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before TACHA, MCWILLIAMS, and MURPHY, Circuit Judges.

In 1992, the State of Oklahoma Board of Chiropractic Examiners (the

Board) refused to accredit a continuing education class developed by Ronald

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. This court generally disfavors the citation
of orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Tripp and Carol Dorow, under the auspices of the Oklahoma State Chiropractic Association (OSCA). All chiropractors in Oklahoma are required to attend and pay for continuing education classes, and the only accredited program that year was that provided by the Joint Chiropractic Association (JCA). JCA used some of the funds collected from its continuing education classes to promote issues related to the chiropractic industry. Tripp, Dorow, and the OSCA sued individual members of the Board and the JCA under § 1983 for violation of their substantive due process and free association rights, because they disagreed with the causes supported by JCA and objected to the use of continuing education fees to promote those causes.

We review the district court's entry of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law," Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991), but "we must view the record in a light most favorable to the part[y] opposing the motion for summary judgment," Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

The plaintiffs argue that the district court erred in granting qualified immunity to the individual defendants and concluding that their constitutional

rights were not violated by JCA's expenditure of continuing education fees for causes they did not support. They further maintain that the Board violated their substantive due process rights because the Board's denial of OSCA's application for accreditation was arbitrary, capricious, and an abuse of governmental authority.

After carefully reviewing the record, we AFFIRM the district court's summary judgment orders dated April 4, 1995, and May 10, 1995, for substantially the reasons stated in those orders. Plaintiffs' due process claims were resolved in two orders entered by the district court on October 25, 1994; those orders are also AFFIRMED for substantially the reasons stated therein. The district court did not dismiss plaintiffs' substantive due process claim alleging a conspiracy based upon a protected liberty interest. However, this claim was not raised on appeal and is therefore abandoned. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 n.2 (10th Cir. 1990).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge