**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES TOOLEY,

   Plaintiff-Appellant,

v.

DAVID S. YOUNG,

   Defendant-Appellee,

and

CITY OF KONAWA, OKLAHOMA,

   Defendant.

No. 12-7050
(D.C. No. 6:11-CV-00110-KEW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **O'BRIEN**, Circuit Judges.

---

   This is a false-arrest and excessive-force civil-rights case. James Tooley appeals from a summary judgment entered in favor of Officer David S. Young and denying reconsideration.[1]  We affirm.

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

On September 4, 2009, Young was working as a reserve police officer for the City of Konawa, Oklahoma, when he "over heard  officers Gary Whitson and  David K[naggs] advise central dispatch . . . they where [sic] on a traffic stop."  Aplt. App., Vol. 2 at 301.  Young "could hear some type of distress in Officer Knaggs['] voice." *Id.*

Young responded to the scene, where Whitson and Knaggs were speaking with 74 year old Tooley, who was seated in the rear seat of  Whitson's patrol car with his hands handcuffed behind his back. Young was informed of the reason for Tooley's arrest:  During the stop, Tooley had left his vehicle, approached Whitson, and despite Whitson's warning to get back into his vehicle or be arrested remained outside his vehicle and responded, "Arrest me."  *Id.* at 367 (internal quotation marks omitted). While Whitson was attempting to handcuff Tooley, Knaggs perceived Tooley as resisting arrest and joined Whitson in securing Tooley in handcuffs.

At his deposition, Tooley testified to having been handcuffed for "[p]robably five or ten minutes" when Young arrived.  He was "holler[ing] at" the officers because he had "lost circulation off of both arms."  *Id.*, Vol. 1 at 142.  Young took Tooley out of the car.  In the process Tooley hit his elbow on the car's door jam. Young then removed the handcuffs, asked for Tooley's identification, and re-handcuffed Tooley, this time with hands in front of his body.  According to Tooley's

---

[1] Our jurisdiction derives from 28 U.S.C. § 1291.

testimony "[Young] tried to be a gentleman when it come to that," *id.* at 155, and "[h]e was decent about that," *id.* at 156. Tooley was then put back in Whitson's vehicle, but he gave conflicting testimony about which officer(s) were involved and the amount of force used. At one point in his deposition, Tooley claimed he did not recall which officer was involved "because it wasn't eventful getting in that second time." *Id.*, Vol. 2 at 383. But he also testified Young "wanted it done faster than [his] body would want to react to it," *id.*, Vol. at 1 at 156, and Young "helped [him] get bent up and shoved into the back seat," *id.* at 162.

Tooley was taken to jail, charged with disobeying a lawful order and resisting arrest, and treated for cuts on his wrists. After about an hour, he was released.

In March 2011, Tooley filed suit in state court against the City of Konawa, Knaggs and Young.[2] As a result of the defendants' actions, he allegedly "suffered painful and permanent injuries to his legs, hands, neck and back, for which he has had, and continues to have medical treatment." *Id.* at 84. The complaint contained state law claims under the Oklahoma Government Tort Claims Act against the City of Konawa and both federal claims under the Fourth Amendment and state law claims against Knaggs and Young. The case was removed to federal court where Knaggs was dismissed as a defendant because he was not served. Both the City of Konawa and Young moved for summary judgment.

---

[2] At the time of the lawsuit, Officer Whitson was deceased.

The district judge entered summary judgment in favor of Young. He concluded the federal claims against him were limited to unlawful arrest and excessive force. As to the unlawful arrest claim, the judge determined Young did not personally participate in the arrest and was justified in relying on the allegations of resisting arrest made by Knaggs and Whitson. Regarding the excessive force claim, the judge concluded Young did not use greater force than necessary and even if he did, no reasonable officer in Young's position would have known his acts might amount to a violation of Tooley's constitutional rights.

As all of the federal claims were resolved by summary judgment, the judge declined to exercise supplemental jurisdiction over the remaining state law claims against Young and the City of Konawa; he remanded those claims to state court and declared the City's summary judgment motion to be moot. Tooley unsuccessfully sought reconsideration and then appealed for relief from this court.

## DISCUSSION

### I. Standards of Review

We review a grant of summary judgment on qualified immunity grounds de novo, applying the same standard as the district court. *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013). Summary judgment is appropriate "if the movant shows . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a defendant raises qualified immunity at summary judgment, the burden shifts to the plaintiff to show:

"(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Becker*, 709 F.3d at 1022 (quotation omitted). The court has discretion to address either prong first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In determining whether the plaintiff has met his burden of establishing a clearly established constitutional violation, "we will construe the facts in the light most favorable to the plaintiff as the nonmoving party." *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009).

## II. False Arrest

Tooley argues there was no justification for stopping his automobile or arresting him following the stop. That argument is irrelevant because Young had nothing to do with either the traffic stop or Tooley's arrest. At his deposition Tooley claimed Young "set [him] up" to be stopped, Aplt. App., Vol. 1 at 166, but the source of the set-up claim was "local gossips," and Tooley conceded he "can't prove" the set-up claim, *id.*, Vol. 2 at 416. Tooley's assertion that Young became involved in the arrest simply by repositioning the handcuffs, taking his identification, and returning him to the backseat of Whitson's vehicle has no traction. An arrest occurs "when, by means of physical force or a show of authority, an individual's freedom of movement is restrained." *Fogarty v. Gallegos*, 523 F.3d 1147, 1155-56 (10th Cir. 2008) (brackets and internal quotation marks omitted). Tooley was arrested by Whitson and Knaggs, not Young. Those officers restrained Tooley's freedom of movement by handcuffing him and placing him in the back of Whitson's patrol car.

- 5 -

An argument that Young is liable by having a hand in continuing the arrest, needs more than Tooley has supplied. Young had been informed of the reason for the arrest, and "[p]olice officers are entitled to rely upon information relayed to them by other officers in determining whether there is reasonable suspicion to justify an investigative detention or probable cause to arrest, as long as such reliance is objectively reasonable," *Koch v. City of Del City*, 660 F.3d 1228, 1240 (10th Cir. 2011) (internal quotation marks omitted). Tooley fails to identify any evidence showing why Young should have disbelieved the reasons Whitson and Knaggs gave for the arrest, and we have found none.

Young's involvement in Tooley's stop or arrest does not support Tooley's false arrest claim. He is entitled to the summary judgment entered in his favor. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("[P]ersonal participation in the specific constitutional violation complained of is essential.").

### III. Excessive Force

Tooley's excessive force arguments are less than clear. He seems to be saying any force employed by Young was necessarily excessive because his arrest was unlawful. We're not going for that. As we just explained, Tooley has no claim for false arrest against Young. And even when an arrest is unlawful, a "court *may not* automatically find any force used in effecting the unlawful arrest to be excessive." *Romero v. Story*, 672 F.3d 880, 890 (10th Cir. 2012). Moreover, the inquiry must be defendant specific except when "all Defendants actively and jointly participated in

the use of force" or the facts support "a failure-to-intervene theory." *Estate of Booker v. Gomez*, No. 12-1496, 2014 WL 929157, at *11 (10th Cir. Mar. 11, 2014). Those exceptions do not apply here.[3] Thus, we focus our inquiry on "the force used [by Young] . . . [measured] against the force reasonably necessary to effect a lawful arrest or detention under the circumstances of the case." *Id.* (internal quotation marks omitted). Further, to succeed on an excessive force claim, the plaintiff must show an actual, non-de minimis injury. *Koch*, 660 F.3d at 1247-48.

Young's acts were focused on relieving Tooley of discomfort, not imposing it. Young did nothing more than remove Tooley from Whitson's vehicle, reposition the handcuffs to make them more tolerable, and put him back in the vehicle. According to Tooley, Young was both a "gentleman" and "decent" when re-handcuffing him. At most, Young bumped Tooley's elbow while removing him from Whitson's vehicle

---

[3] Tooley's rather undisciplined briefing indiscriminately mixes arguments and theories. His brief touches on, but does not thoroughly analyze an oblique reference to a state tort of failure-to-intervene. In §1983 law the doctrine imposes liability on an officer who is aware of excessive force being used by other officers, is in a position to intervene and does nothing. *See Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009); *Torres-Rivera v. O'Neill-Cancel*, 406 F.3d 43, 51-52 (1st Cir. 2005); *see, e.g., Fogarty v. Gallegos*, 523 F.3d 1147, 1164 (10th Cir. 2008) (concluding that supervising police officer had a "realistic opportunity" to prevent fellow officers' use of excessive force where the supervisor was present for the arrest, which "last[ed] between three and five minutes," and failed to intervene). Tooley's near singular focus is upon Young's participation in his continued custody, which, as we have explained, does not, alone, amount to excessive force. The only exception has to do with Young's conduct in repositioning the handcuffs to make it easier on Tooley and then placing him back in the police vehicle. Tooley claims Young and another officer jointly "stuffed" him back in the patrol vehicle. But he fails to detail evidence of how the "stuffing" (regardless of who did it) amounts to excessive force or resulted in sufficiently cognizable injuries to him.

and then placed him back in the vehicle too rapidly. But Tooley offers neither an argument regarding the reasonableness of Young's force in removing him from Whitson's vehicle nor evidence of any injury to his elbow.

As for Tooley's reinsertion into the vehicle, his account of the event is murky. He testified both (1) getting back into Whitson's vehicle "wasn't eventful" and he was not sure who put him there; and (2) Young bent him and shoved him into the vehicle. Placing a detainee or arrestee in a patrol vehicle is necessarily incident to most detentions and arrests. We will not infer a constitutional violation from routine police activity. *Cf. Graham v. Connor*, 490 U.S. 386, 396 (1989) ("[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."); *Becker*, 709 F.3d at 1022 (noting plaintiffs bear the burden of showing a constitutional violation at the qualified immunity stage of summary judgment). Probative evidence of unreasonable force and resulting injury is required. Tooley offers nothing to show the extent of his injuries upon being returned to the back seat of Whitson's vehicle or the unreasonableness of the force used to get him there.

Young did not violate Tooley's right to be free from excessive force. Summary judgment was appropriate.

## IV. Reconsideration

The district judge denied reconsideration of the summary judgment because Tooley merely reiterated his earlier arguments. He does not address the denial in his briefs;

we deem the issue waived.  *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990).  In any event it was not an abuse of discretion. *Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 789 (10th Cir. 2013).

**AFFIRMED.**

Entered for the Court:

Terrence L. O'Brien
Circuit Judge