**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERANCE D. WILSON,

　　　　Plaintiff - Appellant,

v.

SHERWIN PHILLIP; STEVEN
FRANK; and JAMES FOX,

　　　　Defendants - Appellees.

No. 19-1225
(D.C. No. 1:14-CV-01459-CMA-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH** and **CARSON**,[**] Circuit Judges.
_____

In this suit, the district court granted summary judgment to the

defendants based on the plaintiff's failure to timely exhaust available

administrative remedies.[1] The plaintiff appeals, and we affirm.

---

[*]　　This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[**]　　The Honorable Monroe McKay previously served on the panel in this case, but he passed away before the entry of this order and judgment. He thus did not participate in the decision.

[1]　　This is the second time that the defendants obtained summary judgment. The first award of summary judgment was reversed. _Wilson v. Falk_, 877 F.3d 1204 (10th Cir. 2017).

**1.     Mr. Wilson was stabbed in prison.**

Mr. Terance Wilson landed in prison after killing a member of the Surenos gang. When Mr. Wilson went to prison, he feared retaliation from other members of the Surenos gang and allegedly asked prison officials for protection. Mr. Wilson was eventually stabbed and he sued, alleging that prison officials had failed to protect him from members of the Surenos gang.

**2.     Exhaustion required completion of an administrative process.**

Because the suit involved prison conditions, Mr. Wilson had to exhaust available administrative remedies. 42 U.S.C. § 1997e(a). Under the state's administrative process, inmates had to file a Step One grievance within 30 days of the date when they knew or should have known of the underlying facts. If the problem was not resolved, inmates could submit further grievances.

**3.     In his opening brief, Mr. Wilson did not address the district court's reason for considering the claim unexhausted.**

The district court ruled that Mr. Wilson had failed to timely exhaust available administrative remedies, reasoning that he had filed the Step One grievance over a month late. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (concluding that under § 1997e(a), "[p]roper exhaustion demands compliance with an agency's deadlines"). In his opening brief, Mr. Wilson recounts his conversations with prison officials before filing a Step One

2

grievance. But the opening brief is silent on how the district court erred. Mr. Wilson thus inadequately briefed any challenge to the district court's analysis. *See Eisenhour v. Weber Cty.*, 897 F.3d 1272, 1279 (10th Cir. 2018) (affirming because the appellant did not explain "what was wrong with any particular ruling").

**4. Mr. Wilson's other issues involving exhaustion do not support reversal.**

In his opening brief, Mr. Wilson identifies two other issues relating to exhaustion of administrative remedies:

1. whether the defendants waived an exhaustion defense and

2. whether any administrative remedies were available before the stabbing.

His listing of these issues does not support reversal.

On the first issue, the defendants didn't waive an exhaustion defense. They did omit exhaustion in the first pretrial order. But exhaustion was added in the subsequent pretrial order, which stated that it "control[s] the subsequent course of [the] action and the trial." The exhaustion defense was thus not waived.

On the second issue, Mr. Wilson failed to preserve an argument about the availability of an administrative remedy before the stabbing. In district court, he argued only that after the stabbing, exhaustion would have been too difficult because of his hospitalization.

3

Mr. Wilson has also waived this issue on appeal. Although his opening brief identifies the availability of an administrative remedy as an issue, he did not make a related argument. By failing to present an argument on this issue, he has waived any related challenge. *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990).

Even if Mr. Wilson had not waived this challenge, we would reject it because administrative remedies were available to Mr. Wilson. In his appellate briefs, he alleges that the defendants failed to comply with their obligations. For example, Mr. Wilson argues that the defendants were obligated to

- initiate and conduct an investigation,

- put Mr. Wilson in segregation, and

- activate the prison's "protocol."

Appellant's Opening Br. at 13; Appellant's Reply Br. at 5, 7–8. Mr. Wilson also states that he asked prison officials to protect or transfer him. Appellant's Opening Br. at 13. If the defendants had incurred these obligations, as alleged, they would have been available as administrative remedies prior to the stabbing.

**5. The district court did not abuse its discretion by failing to order additional discovery.**

Mr. Wilson also identifies an issue involving discovery. But he hasn't explained why discovery was necessary or said how discovery would

4

have allowed him to overcome his failure to exhaust administrative remedies. Mr. Wilson thus waived the argument. *See* Parts 3–4, above.

**6.    Conclusion**

We affirm the district court's grant of summary judgment to the defendants. The defendants did not waive an exhaustion defense because it appeared in the second pretrial order, and administrative remedies were available to Mr. Wilson.

Entered for the Court

Robert E. Bacharach
Circuit Judge