Jouett Edgar ARNEY, et al., Plaintiffs,

v.

Richard THORNBURGH,
et al., Defendants.

No. 90–3544–DES.

United States District Court,
D. Kansas.

March 17, 1993.

Jouett Edgar Arney, pro se.

Thomas Collins, pro se.

Terry D. Hamblin, Office of Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a civil rights complaint filed by two inmates in the custody of the Secretary of the Kansas Department of Corrections. Plaintiffs proceed pro se and in forma pauperis in this action. Defendants have filed a motion for summary judgment in this matter (Doc. 9). Plaintiffs were granted an extension of time to respond to the motion (Doc. 13), but have failed to file a response. This matter is now ripe for review, and the court makes the following order.

In this action, plaintiffs allege the defendants conspired to create a racial imbalance in the inmates assigned to various units of the Lansing Correctional Facility by transferring a number of inmates to the Hutchinson Correctional Work Center, thereby subjecting them to "racial and reverse-racial discrimination." They also allege that during late 1990, inmates in the "M Unit" were subjected to racial discrimination by the celling of certain inmates there and that transfers were made in the "L Unit" which resulted in racial discrimination.

Summary judgment is appropriate only when the evidence, construed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Maughan v. SW Servicing, Inc., 758 F.2d 1381, 1387 (10th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact, and this burden "may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmoving party may not rest upon mere conclusory allegations or denials. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue for trial. Abercrombie v. City of Catoosa, Okla., 896 F.2d 1228, 1230 (10th Cir.1990).

Here, the Department of Corrections has provided a detailed statistical profile of the racial composition of the entire Kansas prison population, the population at the Lansing facility and the Hutchinson Correctional Facility–East Unit, and the "L" and "M" units at the Lansing Correctional Facility. (Doc.

11, *Martinez* report, Exs. 1–14.) The information provided in these materials shows the racial composition of these areas on September 20, 1990; March 31, 1991; and April 26, 1991 was consistent with that of the overall inmate population.

Viewed in the context of plaintiffs' failure to respond to the motion for summary judgment or to otherwise go beyond the broad allegations of discrimination contained in their complaint, defendants' thorough documentation persuades the court there is no genuine issue of material fact in this matter. Plaintiffs' unsupported allegations are insufficient to withstand the motion for summary judgment. *See Wise v. Bravo,* 666 F.2d 1328 (10th Cir.1981) (plaintiff proceeding under § 1983 may not rest on vague and conclusory allegations.)

IT IS THEREFORE ORDERED defendants' motion for summary judgment is granted. This matter is hereby dismissed and all relief denied.