**Jeffery Dean COOPER, Plaintiff,**

v.

**ELLSWORTH CORRECTIONAL WORK FACILITY, et al., Defendants.**

No. 90–3206–DES.

United States District Court, D. Kansas.

March 18, 1993.

Jeffery Dean Cooper, pro se.

Terry D. Hamblin, Martha M. Snyder, Office of Atty. Gen., Topeka, KS, for Ellsworth Correctional Work Facility, J. Beurer, Capt., (NFN) (NMI) Fletcher, Lt. and (NFN) (NMI) Sgt.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendants' motion for summary judgment (Doc. 17). Plaintiff has filed a pleading in opposition (Doc. 20), and this matter is now ripe for review. Having examined the record, the court makes the following findings and order.

Plaintiff is an inmate in the custody of the Secretary of the Kansas Department of Corrections. In late June 1989, plaintiff was housed at the Ellsworth Correctional Facility. Due to an earlier back injury, plaintiff walked with a cane. On June 27, he stepped into a drain hole in the facility dining hall and fell against a table, exacerbating his condition. Immediately afterward, plaintiff was examined by a nurse at the facility clinic, and a doctor's appointment was scheduled for the following day. Plaintiff was placed on bed rest until the appointment.

On the next day, plaintiff was stopped from leaving the cellblock for the appointment because he was wearing no pants. Plaintiff was seated in a wheelchair holding his cane. The officer on duty informed him he could not report to clinic without his clothing. Plaintiff refused to dress, and the officer called the clinic to ask the duty nurse there whether there was any medical reason which might justify plaintiff's refusal to dress. The nurse could identify no such reason, and plaintiff was again directed to dress before going to the clinic. Plaintiff again refused, told the officer to issue him a disciplinary incident report, and again attempted to leave the cellblock. The officer stopped him at the door and repeated the order. In response, plaintiff used his cane to ward off the officer. The officer grasped the cane to avoid any injury, and several officers came to his assistance in escorting plaintiff to the captain's office. Due to plaintiff's continued refusal to dress, he was not allowed to attend his appointment.

Shortly after this incident, plaintiff was transferred to the Hutchinson Correctional Facility, where he received medical treatment.

Plaintiff's claims in this matter are essentially that he was subjected to cruel and unusual punishment during the episode described and during the transfer to the Hutchinson Correctional Facility.

### Discussion

Summary judgment is appropriate only when the evidence, construed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact, and this burden "may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmoving party may not rest upon mere conclusory allegations or denials. Rather, the nonmoving party must come forward

with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa, Okla.*, 896 F.2d 1228, 1230 (10th Cir.1990).

The issue before the court is whether plaintiff's claim of an Eighth Amendment violation based on his allegations of the excessive use of force by the defendant correctional officers may be resolved on a motion for summary judgment. In order to recover on his claim, plaintiff must prove the defendants used excessive force resulting in the "'unnecessary and wanton infliction of pain.'" *Hudson v. McMillian*, —— U.S. ——, ——, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)). While it must be acknowledged that prison officials must occasionally resort to physical force to maintain or restore institutional order, officials also must balance the institutional interest in order against the risk of harm to the inmates. *Id.*, —— U.S. at ——, 112 S.Ct. at 999 (quoting *Whitley*, 475 U.S. at 321–22, 106 S.Ct. at 1085–86). Accordingly, the "core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.*

The record before the court demonstrates clearly that the conflict began when the plaintiff failed to comply with the order directing him to dress before leaving the cellblock. The officer in charge conferred with clinic personnel to confirm there was no medical reason for plaintiff's refusal, and the court finds the order was reasonable. The conflict escalated when plaintiff attempted to use his cane to block the officer's intervention. A careful review of this sequence of events convinces the court that the defendants did not subject plaintiff to cruel and unusual punishment. There is no doubt plaintiff was actively involved in the struggle and that the officers used force only after plaintiff's repeated refusals to follow a reasonable order. Plaintiff does not allege he sustained injuries in this altercation, and to the extent he alleges he was denied medical care, his claim must fail. The court is convinced these actions do not demonstrate de-fendants had a "sufficiently culpable state of mind" to establish a claim under the Eighth Amendment. *Hudson*, —— U.S. at ——, 112 S.Ct. at 999 (quoting *Wilson v. Seiter*, 501 U.S. ——, ——, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991)).

The court is also persuaded the plaintiff's allegation of a retaliatory motive in his transfer cannot withstand the motion for summary judgment. It is beyond dispute that inmates must not be subject to retaliation or harassment for the pursuit of their legal claims. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.1990). However, bare allegations of retaliation will not avoid summary judgment. *See Rizzo v. Dawson*, 778 F.2d 527, 532 n. 4 (9th Cir.1985). To prevail on a claim of retaliation, plaintiff must do more than allege retaliatory conduct due to his exercise of a constitutionally protected right; rather, he must show that "prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Id.* at 531.

Here, plaintiff's claim of retaliatory conduct must be considered against the background of plaintiff's behavior immediately preceding the transfer. The decision to transfer plaintiff in light of the episode in which several officers were required to restore order clearly advances legitimate correctional concerns, and the court concludes defendants are entitled to summary judgment on this issue as well.

IT IS THEREFORE ORDERED defendants' motion for summary judgment is granted. This matter is hereby dismissed and all relief is denied.