Robert HUTCHCRAFT, Plaintiff,

v.

Ray ROBERTS, et al., Defendants.

No. 91–3242–DES.

United States District Court,
D. Kansas.

Aug. 15, 1994.

Robert Ray Hutchcraft, pro se.

John J. Knoll and Kristy L. Hiebert, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by an inmate in the custody of the Secretary of the Kansas Department of Corrections. Plaintiff complains his constitutional rights were violated by the suspension of his visitation privileges after he was found guilty of lewd conduct. He seeks declaratory judgment and damages.

Defendants have filed a motion for summary judgment (Doc. 40) and plaintiff, after his motion for a stay of this action (Doc. 47) was denied, filed a "motion to notice and preserve disclaimer for appeal" (Doc. 51) and a supporting affidavit.

*Factual Background*

During the period relevant to this action, plaintiff was housed at the Lansing Correctional Facility, Lansing, Kansas ("LCF"). On March 5, 1991, plaintiff was charged with the disciplinary violation of committing a lewd act, in violation of Kansas Administrative Regulation 44–12–315, during visitation at LCF. At that time, this infraction was a Class III offense. The charge was based on

the observation of a correctional officer assigned to the prison visitation area.

A hearing on the disciplinary incident report was held on March 29, 1991. Plaintiff testified at the hearing and offered correspondence from his wife and from another inmate's visitor who was in the visiting area at the time of the misconduct. After considering this information, the hearing officer continued the matter on his own motion, and reconvened the hearing on April 24, 1991. The reporting correctional officer testified by telephone at that hearing, and plaintiff had an opportunity to ask questions. Plaintiff did not ask questions but offered additional testimony in his own behalf. At the close of the evidence, the hearing officer found plaintiff guilty of the offense charged. Upon final administrative review of the record, the Deputy Warden for Operations approved the finding and imposed sanctions of ten days extra work and a written reprimand. The decision was affirmed on appeal to the principal administrator on June 13, 1991. (Doc. 23, *Martinez* report, Ex.M.)

On May 9, 1991, the principal administrator imposed a six month suspension of plaintiff's visiting privileges due to plaintiff's commission of a lewd act. This suspension was authorized by an Interdepartmental Memorandum issued to the inmate population on January 19, 1988, which announced that any inmate convicted of disciplinary infractions including lewd acts, would lose visiting privileges for six months. (*Id.,* Ex. K.)

In July 1991, plaintiff submitted a grievance alleging he had not received certain materials which would have supported his appeal. Plaintiff was referred to disciplinary authorities for assistance with this request.

Plaintiff's visitation privileges were restored in November 1991, upon the expiration of the six month period.

### Discussion

Summary judgment is appropriate only when the evidence, construed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact, and this burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion *for* summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmoving party may not rest upon mere conclusory allegations or denials. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa, Okla.,* 896 F.2d 1228, 1230 (10th Cir.1990).

■ Under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), an inmate facing administrative disciplinary charges is entitled, at a minimum, (1) to receive advance notice of the charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense where this will not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. *Wolff,* 418 U.S. at 563–69, 94 S.Ct. at 2978–2981.

■ Next, in order to withstand judicial review, the finding of a prison disciplinary body must be supported by some evidence in the record. *Superintendent, MCI, Walpole v. Hill,* 472 U.S. 445, 454–55, 105 S.Ct. 2768, 2773–74, 86 L.Ed.2d 356 (1985). In announcing this standard, the Supreme Court stated that in reviewing the findings of the prison disciplinary authority, a court need not examine the complete record, assess the credibility of the witnesses, nor weigh the evidence. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disci-

plinary board." 472 U.S. at 455–56, 105 S.Ct. at 2774.

Examining plaintiff's claims in light of these standards, the court finds no merit to his claim of due process violations. The court finds plaintiff had constitutionally adequate notice of the charges and an opportunity both to present his case and to ask questions of the reporting officer. He received a written statement explaining the reasons for the decision. The reporting officer's testimony provides sufficient evidence to satisfy the "some evidence" standard set forth in *Hill.* Therefore, the court concludes plaintiff was not sanctioned for misconduct without due process.

It is clearly established that inmates do not enjoy a substantive liberty interest in unrestricted visitation arising under the Constitution. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 461, 109 S.Ct. 1904, 1908–09, 104 L.Ed.2d 506 (1989). Rather, the privilege of visitation lies within the broad discretion of prison officials. *Evans v. Johnson,* 808 F.2d 1427, 1428 (11th Cir.1987). The area of prison visitation is one in which the courts are particularly deferential to the decisions of prison administrators. *Doe v. Sparks,* 733 F.Supp. 227, 230 (W.D.Pa.1990).

Here, the decision concerning plaintiff's visitation is supported by a disciplinary conviction and by a notice issued to the inmate population advising inmates of sanctions for misconduct. There is a legitimate penological objective in maintaining orderly conduct during visitation, and the suspension of visitation following inappropriate conduct is a clearly reasonable response. Finally, the court finds no evidence in the record to support plaintiff's bald claims that the suspension was retaliatory or otherwise the product of a conspiracy among correctional officers.

IT IS THEREFORE ORDERED defendants' motion for summary judgment is granted. This matter is hereby dismissed and all relief is denied.