Representative Sue Madison, Chairman House Interim Committee on Aging, Children Youth, Legislative Military Affairs State Capitol, Room 315 Little Rock, Arkansas 72201
Dear Representative Madison:
This is in response to your request for an opinion concerning whether the Department of Correction may prohibit inmates convicted of child abuse or domestic violence from visiting with "child victims" until the inmate has completed the Department's Reduction of Sexual Victimization Program (RSVP). The answer to this question will involve factual considerations that my office is neither qualified nor authorized to undertake. I therefore cannot opine conclusively as to whether such a regulation would be upheld by a court; however, I can set forth the applicable test that a court most likely would apply in making such a determination.
Initially, it should be recognized that the General Assembly has granted the Department of Correction the authority to regulate the visitation of inmates. Arkansas Code Annotated § 12-29-104 provides in part: "Under rules prescribed by the Department of Correction, heads of the institution may authorize visits and correspondence, under reasonable conditions, between inmates and approved friends, relatives, and others; . . ." The more significant question, however, is whether such a regulation would withstand a constitutional challenge.
It has been stated that prohibitions on visits by inmates' children are generally disfavored by the courts. Navin v. Iowa Dept. of Corrections,843 F.Supp. 500 (N.D. Iowa 1994). It is, however, well established that a convicted prisoner has no absolute constitutional right to visitation, such privileges being subject to the discretion of prison authorities, provided the visitation policies of the prison meet legitimate penological objectives. Caraballo-Sandoval v. Honsted, 35 F.3d 521 (11th Cir. 1994);Evans v. Johnson, 808 F.2d 1427 (11th Cir. 1987); see also Bellamy v.Bradley, 729 F.2d 416, (6th Cir.), cert. denied 469 U.S. 845 (1984);Bazzetta v. McGinnis, 124 F.3d 774 (6th Cir. 1997).
In Turner v. Safley, 482 U.S. 78 (1987), the Supreme Court recognized that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Several factors are to be considered when evaluating the reasonableness of a prison regulation: (1) whether there is a valid, rational connection between the regulation and the asserted governmental interest; (2) whether alternative means for exercising the right remain open to the prisoner; (3) the impact of the regulation on prison staff, other inmates, and the allocation of prison resources; and (4) the availability of ready alternatives to the regulation. Id.;Hamilton v. Schriro, 74 F.3d 1545 (8th Cir.), cert. denied 117 S.Ct. 193
(1996). Rehabilitation, security, and deterrence are legitimate penological objectives. Hamilton, supra; Iron Eyes v. Henry, 907 F.2d 810
(8th Cir. 1990).
It has also been stated that the problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts. Bazzetta v. McGinnis,124 F.3d 774 (6th Cir. 1997). Further, the area of prison visitation is one in which the courts are particularly deferential to the decisions of prison administrators. Hutchcraft v. Roberts, 861 F.Supp. 994 (D.Kan. 1994).
There appear to be no apposite Arkansas, other state, or federal cases addressing the validity of a prison regulation comparable to the one contemplated in your request. But see Florida Statutes Annotated §944.09(1)(n) (Department of Corrections shall adopt rules concerning visitation and rules shall provide that inmate with conviction for committing or attempting to commit aggravated child abuse or a sex act on a child under the age of 16 shall not be allowed visitation with anyone under the age of 18). The foregoing are the general legal and factual considerations that most likely will be undertaken in a determination of whether such a regulation impermissibly impinges on inmates' constitutional rights. The outcome of such a determination will depend entirely upon the evidence that is presented in support of and against the reasonableness of the regulation. Consequently, I cannot opine conclusively as to whether such a regulation would be upheld against a constitutional challenge if adopted by the Department of Correction. The Corrections and Public Safety Division of this office will, however, upon request, offer legal assistance to the Department with regard to the decision-making process.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh