No. 25480

**Frank R. Givigliano v. Ben Veltri, City Manager of the City of Trinidad, Colorado; and The City of Trinidad, Colorado, a Municipal Corporation**

(501 P.2d 1044)

Decided October 10, 1972.

Joseph F. Nigro, for plaintiff-appellant.

William G. Azar, Harry R. Sayre, for defendants-appellees.

William Andrew Wilson, amicus curiae for Colorado Solid Wastes Management Association, Inc.

12

Stanley Bender, amicus curiae for the City of Northglenn.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Frank R. Givigliano brings this appeal from a judgment of the district court denying him an injunction against the City of Trinidad and certain of its municipal officials. The parties will be designated hereinafter as follows: Givigliano as appellant; the City of Trinidad and its officials as the City; and the Public Utilities Commission as the Commission.

The facts of the case are undisputed. On January 18, 1971, the City Council of the City of Trinidad, a second class city under article XIV, section 13 of the Colorado Constitution and C.R.S. 1963, 139-2-2, amended its City Ordinance No. 936 so as to prohibit all persons within the City from engaging in the business of hauling trash and garbage, whether their own or another's with the exception of the City itself or its duly authorized agents. Trinidad, Colo., Code of Ordinances Ch. 10, art. II, § § 10-13,10-14 (Ordinance No. 970, Jan. 18, 1971). Appellant was a hauler of ashes and trash in the City pursuant to authority granted by Certificate of Public Convenience and Necessity No. 1401 & I of the Public Utilities Commission of the State of Colorado.

On April 10, 1971, one of appellant's employees was given a summons to answer a charge of violating Ordinance No. 936. Three days later appellant commenced an action seeking an injunction against the City to prevent it from enforcing the ordinance. The action was dismissed after a series of hearings and appellant perfected his appeal to this Court.

Essentially, appellant argues that his authority as a carrier derives through the Commission under authorization of the Colorado Constitution and the Colorado statutes, and that he cannot be prevented from the reasonable exercise of his certificate by action of a statutory second class municipal-

ity. The City contends that the right to enact an ordinance designating the exclusive agent for the collection of refuse is properly within the City's police power. We agree with appellant and reverse the judgment of the district court.

Basic to our decision is the constitutional provision that: "... all power to regulate the facilities, service and rates and charges ... of every corporation, individual, or association of individuals ... (Operating) as a public utility, ... is hereby vested in such agency of the State of Colorado as the General Assembly shall by law designate .... (S)aid authority shall be vested in the Public Utilities Commission of the State of Colorado, ...." Colo. Const. art. XXV.

In furtherance of this constitutional provision, the legislature has declared motor vehicle carriers as defined within this statute to be public utilities affected with a public interest and subject to the laws of the state. C.R.S. 1963, 115-9-2. And by amendment in 1965, the term motor vehicle carriers was amended to include those operating motor vehicles used in serving the public in the transportation of ashes, trash, waste, rubbish and garbage. 1965 Perm. Supp., C.R.S. 1963, 115-9-1(4)(a). The constitution and the statutes of this state have therefore given to the business of trash hauling the status of a matter of state-wide concern, subject to the jurisdiction of the Public Utilities Commission. Under such circumstances, Trinidad has no power to pass an ordinance which is, as here, in conflict with the exercise by the Commission of its statutory power. *See Schlagel v. Hoelsken,* 162 Colo. 142, 425 P.2d 39; *cert. denied Hoelsken v. P.U.C.,* 389 U.S. 827, 88 S.Ct. 81, 19 L.Ed.2d 83.

It is contended that article XXV of the Colorado Constitution permits municipalities to exercise reasonable police and licensing powers. And so it does. But the Trinidad ordinance in question here does not seek to impose police or licensing regulations upon the collection of trash. Instead, it attempts to supercede the exercise of the constitutional and statutory authority granted to the Commission, and to abrogate its action. As such, it is an invalid action in excess of the powers of the city, and therefore cannot be sustained.

14

*Ray v. City and County of Denver,* 109 Colo. 74, 121 P.2d 886.

The judgment is reversed and the matter remanded with directions to reinstate the complaint and grant judgment in favor of the appellant, ordering that the City be permanently restrained from prohibiting appellant from exercising his authority under PUC No. 1401 & I.