JAM ACTION, INC. d/b/a Action Towing, Inc.; Robert E. Kinyon d/b/a Blue Sky Service; Harry E. Mabis Sr. and Harry E. Mabis, Jr. d/b/a Eddie's Towing Service; Harry E. Mabis, Sr. d/b/a Harry's Discount Auto Service, Sales & Towing; Randolph S. Milan d/b/a Import Auto Sales & Service; Alvin J. Ahnstedt and Arthur J. Howell d/b/a Johnson's Corner Service; Jan Schneider d/b/a Jan's Towing; Jerry Ewing; Kramer & Houston Towing Service, Inc.; Rocky Mountain Insurance Pool, Inc.; Darrell Dean Schmer d/b/a Schmer's Towing; Richard Slatten d/b/a Slatten's Towing; Stan's Auto Service, Inc.; and, Anthony Benavides d/b/a Tony's Towing, Petitioners–Appellants,

v.

**COLORADO STATE PATROL,**
Respondent–Appellee.

No. 93CA1820.

Colorado Court of Appeals,
Div. IV.

Nov. 17, 1994.

Rehearing Denied Dec. 29, 1994.

James A. Beckwith, Denver, for petitioners-appellants.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Stacy L. Worthington, Asst. Atty. Gen., Denver, for respondent-appellee.

Opinion by Judge CASEBOLT.

Petitioners, a group of towing carriers licensed by the Public Utilities Commission (PUC), appeal the trial court's judgment, which declared valid a written policy of the Colorado State Patrol (CSP). That policy requires any petitioner, who has obtained possession of a vehicle through a CSP refer-

ral, to release personal property contained inside the vehicle to its owner without payment of accrued storage charges. We affirm.

The parties' joint stipulation of facts indicates that CSP regularly requests the dispatch of towing carriers for the purposes of clearing public roadways of damaged, abandoned, seized, or impounded vehicles. CSP employs a rotational list from which it requests towing services (Rotation Tow List). Towing carriers who wish to be placed on the Rotation Tow List must apply for inclusion under the procedures set forth in Colorado State Patrol, *Manual of Policy, Rule & Procedure*, Chapter 302.3 (February 1, 1991). All of the petitioners are listed on the Rotation Tow List.

The policy which is the subject of the present dispute states:

> When authorized by the Patrol, towing carriers must agree to release items of personal property to the lawful owner prior to payment of any accrued charges. This applies only to those items of personal property which are contained within the vehicle but not considered part of the vehicle . . .

Colorado State Patrol, *Manual of Policy, Rule & Procedure*, Chapter 302.3, § (I)(j) (February 1, 1991) (CSP Policy).

The towing carriers enrolled in the Rotation Tow List impose a daily charge for storing a seized or impounded vehicle. In this action, petitioners complain that the CSP Policy impermissibly restricts their right to impose a lien on unattached personal property contained in the vehicle.

### I.

CSP asserts that it has never taken or threatened any adverse action against any of the Petitioners, and it is merely speculative that any adverse action will ever be taken against any towing carriers. Hence, as an initial contention, it argues that this action is inappropriate for declaratory judgment. We reject this argument.

■ A declaratory judgment action may be maintained by any party whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise. Any such person may have determined questions of construction, validity, rights, status, or other legal relations thereunder. Section 13–51–106, C.R.S. (1987 Repl. Vol. 6A); C.R.C.P. 57.

■ Here, the petitioners are listed on the Rotation Tow List, and complain that the CSP Policy is an invalid abrogation of their claimed legal right to impose a lien on personal property obtained through rendition of their services. In our view, this states a cognizable claim under C.R.C.P. 57 and § 13–51–106, C.R.S. (1987 Repl. Vol. 6A).

### II.

■ Petitioners contend that the trial court erred in concluding that they have no property right to receive referrals from CSP for towing work and that CSP may impose the CSP Policy as a condition for placement on the Rotation Tow List. We disagree.

Our supreme court rejected a similar claim in *Rocky Mountain Motor Co. v. Airport Transit Co.*, 124 Colo. 147, 235 P.2d 580 (1951). In that case, a taxicab company had, for a number of years, enjoyed what was in effect an exclusive concession to operate at the airport without a written lease, contract, or permit from the city. The city subsequently granted a rival taxicab company an exclusive concession. The court rejected the claim that the original taxicab company had a property right in continuing its taxicab business at the airport by virtue of its general license to operate upon the streets of the City and County of Denver.

The court stated:

> Yellow Cab's contention that in this matter it had a legal right to insist that it be permitted to maintain the cab stand at the airport on city property for its own benefit is without merit. *Its license to operate upon the streets of the City and County of Denver is not hereby restricted or interfered with and under such license it has no legal call upon any portion of any business regardless of where it might originate or terminate* . . . [H]ence it has no property right to do business at the airport and no legal right to object to the granting

to another, under the circumstances, of an exclusive privilege for that purpose.

(emphasis added)

We find this reasoning persuasive.

Here, petitioners have no unqualified property right to be included on the Rotation Tow List by virtue of their permits issued by the PUC. The PUC permits obtained under § 40–13–101, et seq., C.R.S. (1993 Repl. Vol. 17) only allow towing carriers to offer their services to the general public, including CSP. CSP, like the general public, retains its right to select any towing carrier and to negotiate the terms upon which it will provide business opportunities to those selected. The fact that only those persons or entities permitted by the PUC may offer such towing services does not *mandate* that CSP include all carriers in its list, nor *mandate* that CSP accede to the towing carrier's conditions for doing business.

Moreover, petitioners have cited no other contract, statute, ordinance, or mutually explicit understanding which gives them a legitimate claim of entitlement in receiving referrals from CSP for towing work. *See Abercrombie v. City of Catoosa*, 896 F.2d 1228 (10th Cir.1990). Accordingly, their contention is without merit.

### III.

■ Petitioners next argue that the CSP Policy is invalid because CSP lacks authority to impose any conditions upon participation in its Rotation Towing List. We disagree.

Section 24–33.5–203(1), C.R.S. (1988 Repl. Vol. 10A) grants the executive director of the Department of Public Safety authority and responsibility to approve policies governing the activities of the CSP so as to secure the proper and efficient enforcement of all laws.

The parties stipulated below that one of the duties of the CSP is the removal of abandoned, seized, or impounded vehicles. The Rotation Tow List is the method chosen by CSP for doing so, and the parties have further stipulated that it is not an unlawful method.

In our view, there is sufficient statutory authority for the creation and implementation of the policy at issue.

### IV.

■ Petitioners next assert that the CSP Policy is invalid because it impermissibly conflicts with the PUC's exclusive power to license· and regulate towing carriers under § 40–13–101, et seq., C.R.S. (1993 Repl. Vol. 17). Again, we disagree.

The cited statutory article governs the licensing and operations of towing carriers. Section 40–13–103(1), C.R.S. (1993 Repl. Vol. 17) provides the PUC with exclusive authority to license towing carriers for hire. In addition, § 40–13–107, C.R.S. (1993 Repl. Vol. 17) provides that the PUC has the duty to prescribe reasonable rules and regulations covering the operations of towing carriers.

In accordance with these statutes, the PUC has promulgated *Rules & Regulations Governing Towing Carriers by Motor Vehicle* (PUC Rules). PUC Rules 15.1 provides that towing carriers are to keep towed vehicles, including all personal effects inside that vehicle, secure from theft, loss or other damage.

PUC Rules 15.2 provides:
Unless a hold order has been placed on any personal property by a law enforcement officer or court of law, no carrier may refuse to release any article of personal property in the towed or stored motor vehicle to the owner of the property because of any lien the carrier may have on that motor vehicle for services rendered under Rule 14.3.

PUC Rules 14.3 provides in pertinent part:
The motor vehicle is to be towed from private property upon the direction of the owner of the property.

Petitioners assert that because "private property towing" is not involved here, these PUC Rules should be read to *grant* and *impose* a lien right when vehicles are removed from public property and that, thus, the CSP policy is pre-empted by the PUC rule. We disagree with that interpretation.

Nothing in PUC Rules 15.2 specifically grants or imposes a lien upon personal property in a towed motor vehicle when the vehicle is removed from public property. Rather, the rule is silent as to any lien rights

under those circumstances. We cannot read a rule that states when a lien is *not* available to *impose* a lien under other circumstances.

Petitioners cite *Givigliano v. Veltri*, 180 Colo. 10, 501 P.2d 1044 (1972) for the proposition that the CSP Policy impermissibly conflicts with the PUC's authority to license and regulate towing carriers. There, an individual sought to enjoin a city from enforcing an ordinance prohibiting all persons from engaging in the business of hauling trash and garbage within city limits and establishing the city and its duly authorized agents as the sole providers of such services. Colo. Const. art. XXV and implementing statutes established that the matter of trash and garbage hauling was one of statewide concern, subject to the jurisdiction of the PUC. Our supreme court held that the city's attempt to prevent all persons other than the city or its agents from collecting trash within the city limits was in conflict with the exercise of the statutory powers by the PUC. Accordingly, it held that the city ordinance was invalid.

Here, by contrast, the CSP is merely imposing a condition before the CSP will provide business opportunities for petitioners' services. The CSP policy does not prevent petitioners from soliciting or doing business. Vehicle owners may specifically request petitioners or any other towing carrier to tow or store their damaged, abandoned, or seized vehicles, and in such event, the CSP Policy will have no application.

Moreover, the CSP Policy is not an attempt to supersede the exercise of the constitutional and statutory authority granted to the PUC, nor to abrogate its action. The PUC has not expressly *imposed* or *required* a lien for towing companies under these circumstances.

In *Rocky Mountain Motor Co. v. Airport Transit Co., supra,* the City of Denver's ordinance authorized the city manager to grant a permit to a single taxicab company which would establish an exclusive concession for taxicab service to and from the airfield. The taxicab company which was not granted the concession contended that the concession ordinance was invalid because it conflicted with the city's general taxicab ordinance and licensing. Our supreme court disagreed, noting that the concession permit ordinance was distinct from, and did not conflict with, the city's general taxicab ordinance dealing with

master taxicab licenses and general taxicab service originating on city streets. Therefore, the court concluded, both ordinances were effective.

Likewise, we conclude that there is no conflict between the CSP Policy and § 38–20–105, C.R.S. (1982 Repl. Vol. 16A). Even if we assume that § 38–20–105 provides petitioners with a right to impose a lien on the personal property contained in the vehicle, the lien is not mandatory under the statute. It can be waived by the purported holder of the lien at any time, even prospectively, as a condition of doing business.

Accordingly, we conclude that the CSP Policy does not impermissibly conflict with state statutes or PUC Rules and regulations.

The remaining contentions of petitioners are without merit.

Judgment affirmed.

MARQUEZ and ROTHENBERG, JJ., concur.