**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MIDWEST GRAIN PRODUCTS, INC.,
a Kansas Corporation,

Plaintiff-Counter-Defendant-Appellee,

v.

ENVIROFUELS MARKETING, INC.,
an Oklahoma Corporation,

Defendant-Counter-Claimant-
Appellant.

No. 97-3009
(D.C. No. 95-2355)
(Dist. of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BARRETT,** and **BRISCOE** Circuit Judges.

EnviroFuels Marketing, Inc. (EnviroFuels) appeals the district court's Order, with findings of fact and conclusions of law, that it was not entitled to recovery on its quantum meruit counterclaim.

Background

In July, 1991, EnviroFuels entered into a four year written contract with ARCO Products Company (ARCO), a division of the Atlantic Richfield Company, to supply fuel grade ethanol ("the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

EnviroFuels/ARCO contract"). (Appellant's Appendix A, Exhibit A). The contract provided for ARCO's purchase of approximately 21 million gallons of ethanol between August 15, 1991, and February 28, 1995, over four separate "supply periods." Id. As EnviroFuels is an ethanol broker and does not produce ethanol, it turned to Midwest, a producer, to supply the ethanol needed under the EnviroFuels/ARCO contract. During the first supply period, EnviroFuels purchased ethanol from Midwest on a "spot basis" at approximately 7.5% less than the ARCO purchase price.

Between the first and second supply periods, EnviroFuels and Midwest negotiated to assign the EnviroFuels/ARCO contract to Midwest. (Appellant's Appendix A, Exhibit B). The proposed assignment was formalized in an April 22, 1992, letter from EnviroFuels to Midwest, which provided,

> We propose to assign all of our right, title and interest in and to the Ethanol Purchase Contract [EnviroFuels/ARCO contract] to you, in exchange for your agreeing to pay to us an amount equal to 1.5% of the "Price for Product" actually received by you from ARCO as a result of your performing the terms and provisions of the assigned Ethanol Purchase Contract or any successor thereto.[1]

Id. However, the proposed assignment was unsuccessful due to ARCO's refusal to consent absent a price concession.[2]

After the assignment failed, Midwest continued to supply ethanol to ARCO on behalf of EnviroFuels in fulfillment of the EnviroFuels/ARCO contract. ARCO paid EnviroFuels for the

---

[1]     The letter originally called for a 2% commission. See (Appellant's Appendix A, Exhibit B). However, the parties ultimately agreed to a 1.5% commission, which was noted on the letter and initialed by Midwest's President. See id.

[2]     Although EnviroFuels asserts that it believed the written assignment was effective without ARCO's consent, this belief is belied by the express provision of the EnviroFuels/ARCO contract, Appellant's Appendix A, Exhibit A at 9 ¶18, and the conduct of the parties. See id. Exhibit E at 60, 67, 73-75, 76-77.

shipments and EnviroFuels paid Midwest. During the second and third supply periods, EnviroFuels paid Midwest the gross amount received by ARCO and Midwest remitted back a 1.5% commission. During the fourth supply period, EnviroFuels began paying Midwest the net amount due or the amount it received from ARCO less its 1.5% commission.

In June, 1994, Midwest entered into a separate contract directly with ARCO to supply approximately 4 million gallons of ethanol ("the Midwest/ARCO contract"). (Appellant's Appendix A, Exhibit C). The Midwest/ARCO contract provided for ethanol shipments between August 15, 1994, and February 28, 1995, essentially the same time period as the fourth supply period of the EnviroFuels/ARCO contract, August 15, 1994, to January 15, 1995. See id. at 2 ¶2; Exhibit A at 3 ¶4.

In late 1994 or early 1995, EnviroFuels began withholding payments on Midwest's shipments to ARCO on behalf of EnviroFuels. (Supplemental Appendix of Appellee, Tab A at 3 ¶14). Thereafter, on June 30, 1995, Midwest initiated this action against EnviroFuels in Atchison County State District Court. (Appellant's Appendix A). At the heart of Midwest's claims is the assertion that upon ARCO's refusal to consent to the assignment in 1992, it and EnviroFuels entered into an oral agreement wherein it agreed to satisfy EnviroFuels's obligations for the remaining three supply periods of the EnviroFuels/ARCO contract at the EnviroFuels/ARCO contract price less 1.5%. Id. at 4 ¶12. In Count I, Midwest prayed for $592,083.28 on account stated as the amount owed for ethanol shipped on behalf of EnviroFuels to satisfy the EnviroFuels/ARCO contract during the fourth supply period.[3] Id. at 7-8 ¶20-24. In Count II, Midwest prayed for $39,601.94, which ARCO

_____

[3]      Apparently, in its motion for partial summary judgment Midwest agreed to accept EnviroFuels' calculation on this amount as $591,335.04. (Appellants' Appendix D at 10 n.2).

mistakenly paid to EnviroFuels rather than to Midwest on the Midwest/ARCO contract. Id. at 8-9 ¶26-29. In Count III, Midwest claimed breach of contract on the part of EnviroFuels because Midwest fully performed on the agreements in Counts I and II and EnviroFuels failed to pay the amounts due and owing for ethanol shipped. Id. at 9-10 ¶31-33. In Count IV, Midwest sought payment for the ethanol delivered to ARCO on behalf of EnviroFuels on a quantum meruit/unjust enrichment theory. Id. at 10-11 ¶35-38. Finally, in Count V, Midwest requested that the court declare the parties' respective rights and obligations under the alleged oral contract. Id. at 11-12 ¶40-44.

On August 11, 1995, EnviroFuels removed this action to the federal district court of Kansas pursuant to 28 U.S.C. § 1446 due to complete diversity of citizenship and an amount in controversy in excess of $50,000. (Appellant's Appendix A). On December 14, 1995, EnviroFuels filed its First Amended Answer and Counterclaim. (Supplemental Appendix of Appellee, Tab A). In its answer, EnviroFuels denied the existence of an oral contract as described by Midwest but alleged that the "agreement between the parties was a modification of the written agreement (the April 22, 1992 letter, . . .) pursuant to which the parties agreed to perform the written agreement despite the absence of the consent to assignment by ARCO, . . ." Id. at 3 ¶12. EnviroFuels also admitted that it has not remitted certain funds collected for shipments to ARCO, but asserted that such funds were retained as set-off against damages suffered due to Midwest's breach of contract. Id. at 3-4 ¶14. In its counterclaims, EnviroFuels claimed that: (1) Midwest breached the oral contract to perform on the April 22, 1992, letter by failing to supply the quantities needed to satisfy the EnviroFuels/ARCO contract in the second supply period and by failing to pay EnviroFuels a 1.5% commission on all future sales with ARCO as set forth in the letter, and (2) Midwest breached its fiduciary relationship

with EnviroFuels by misleading EnviroFuels regarding their future relationship. Id. at 10-12 ¶53-59. EnviroFuels prayed for damages for breach of contract, for rescission of the contract for failure of consideration plus damages, for judgment that the contract failed for lack of mutual consent and restoration of the parties to their original positions, and/or for judgment for fraud and breach of fiduciary duty. Id. at 12-13 ¶A-D.

On July 12, 1996, the district court considered Midwest's motion for partial summary judgment on Counts III[4] and V and on EnviroFuels' breach of contract counterclaim.[5] (Appellant's Appendix D). After careful consideration, the district court granted summary judgment on Midwest's Count III, dismissed Midwest's Count V as moot, and denied summary judgment on EnviroFuels' breach of contract counterclaim. Id. at 23. The district court concluded that EnviroFuels was not entitled to a set-off of the amounts it admitted it owed Midwest because the alleged damages to EnviroFuels did not stem from the same contract under which EnviroFuels withheld payment to Midwest and because EnviroFuels failed to provide Midwest with notice of any kind, formal or informal, of its intention to withhold the payments as a set-off as required by K.S.A. § 84-2-717. Id. at 12-14. Hence, the district court concluded that Midwest was entitled to summary judgment on Count III, which included Counts I and II. Id. at 14. With respect to EnviroFuels' counterclaim, the court first determined that the written assignment embodied in the April 22, 1992,

---

[4]     As the district court noted, Count III incorporates by reference Counts I and II and prays for damages equal to the sum of the amounts alleged in Counts I and II. See (Appellant's Appendix A at ¶30-33; Appellant's Appendix D at 10). However, it appears that at summary judgment Midwest abandoned any damages alleged in Count II as it only prayed for the amount of damages alleged in Count I. (Appellant's Appendix D at 11 n.3).

[5]     Apparently, EnviroFuels' fraud/breach of fiduciary relationship counterclaim was dropped pursuant to a stipulation between the parties. (Appellant's Appendix D at 14).

letter did not constitute a written contract between the parties due to the failure of a condition precedent, ARCO's consent. Id. at 18. Then, the district court denied summary judgment on EnviroFuels' counterclaim because it determined that there was a material question of fact regarding whether EnviroFuels' alleged oral contract (that the parties agreed to perform under the terms of the April 22, 1992, letter despite the lack of ARCO's consent) was enforceable as an exception to the Kansas statute of frauds for full performance.[6] Id. at 22.

Thereafter, on July 22, 1996, the district court finalized the pretrial order. (Supplemental Appendix of Appellee, Tab B). Over Midwest's objection that it was not plead, the district court included in the pretrial order a counterclaim by EnviroFuels on the theory of quantum meruit.[7] Id. at 10 & 16 ¶10. Thus, on September 24, 1996, the parties proceeded to trial solely on EnviroFuels' counterclaim for quantum meruit. See (Appellant's Appendix E at 4-6). After trial to the court, the court determined that EnviroFuels failed to demonstrate that it was entitled to recover under quantum meruit. (Appellant's Appendix F at 8-10). The court concluded that EnviroFuels was not entitled to any more compensation for the ethanol purchased from Midwest than the 1.5% commission it received and that EnviroFuels was not entitled to any commission on direct contracts between Midwest and ARCO. Id. at 10-11. The district court also determined that EnviroFuels' claim failed

---

[6] It is unclear from the record if the district court ruled on Midwest's Count IV claim for quantum meruit. However, this claim became moot upon the district court's favorable grant of summary judgment on Midwest's Count III as both claims prayed for the same damages. See (Appellant's Appendix A at ¶30-33, 34-38).

[7] We agree with Midwest that EnviroFuels' quantum meruit claim was not plead in its First Amended Answer and Counterclaim. However, the pretrial order supersedes the pleadings and controls the future course of the action. (Supplemental Appendix of Appellee, Tab B at 18). See Hernandez v. Alexander, 671 F.2d 402, 407 (10th Cir. 1982) (pretrial order supersedes the pleadings and controls the subsequent litigation).

because the implied promise EnviroFuels sought to establish was contradicted by an express term of the completed contract of the parties. Id. at 8.

On appeal, EnviroFuels contends the district court erred in concluding that the parties had an oral agreement for the sale of ethanol over the last three supply periods of the EnviroFuels/ARCO contract. EnviroFuels argues that there is no evidence to support the district court's findings and that the evidence supports only one conclusion, i.e., that the parties acted without the benefit of a contract. EnviroFuels asserts that because they were acting without the benefit of a contract, Midwest received the benefit of the very favorable price term without making a commitment to supply the EnviroFuels/ARCO contract and without giving EnviroFuels a right to future commissions. Thus, EnviroFuels urges the court to imply a contract and a reasonable price term.

Midwest responds that there is an "abundance" of evidence to support the district court's finding of an oral agreement for Midwest to sell ethanol to EnviroFuels at the ARCO price term less 1.5% for the last three supply periods of the EnviroFuels/ARCO contract. In addition, Midwest asserts that even if the evidence of an oral agreement is inconsistent, the undisputed conduct of the parties established the agreed upon terms of the parties relationship for the last three supply periods of the EnviroFuels/ARCO contract and that EnviroFuels did not establish its entitlement to quantum meruit.

We review the district court's legal conclusions *de novo*, while factual determinations are reviewed under the clearly erroneous standard. *De novo* review requires an independent determination of the legal issues, giving no special deference or weight to the decision under review. United States v. First City Nat'l Bank of Houston, 386 U.S. 361, 368 (1967). A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all the evidence,

we are left with as definite and firm conviction that as mistake has been made. <u>Cowles v. Dow Keith Oil & Gas, Inc.</u>, 752 F.2d 508, 511 (10th Cir. 1985), <u>cert</u>. <u>denied</u>, 479 U.S. 816 (1986). We review the evidence in the light most favorable to the district court's ruling and must uphold any district court finding that is permissible in light of the evidence. <u>Exxon Corp. v. Gann</u>, 21 F.3d 1002, 1005 (10th Cir. 1994).

Discussion

As a preliminary matter, we note that EnviroFuels has waived its challenge to the district court's summary judgment finding that the parties had an oral contract. Although EnviroFuels raised this issue in its opening brief, it fails to support it with any legal argument or authority. <u>See</u> (Opening Brief of Appellant at 5). Issues mentioned in a brief on appeal, but not addressed, are waived. <u>Abercrombie v. City of Catoosa, Okla.</u>, 896 F.2d 1228, 1231 (10th Cir. 1990). <u>See</u> <u>also</u> <u>Gross v. Burggraf Constr. Co.</u>, 53 F.3d 1531, 1547 (10th Cir. 1995) (issue not adequately briefed will not be considered even though plaintiff attempted to assert claim at oral argument). Thus, EnviroFuels waived any claim that the district court erred at summary judgment in determining the existence of an oral agreement and we will not consider this claim further.[8]

Next, we turn to EnviroFuels' claim that the district court's findings and conclusions following trial were erroneous. On September 24, 1996, the parties proceeded to trial on EnviroFuels' quantum meruit claim. (Appellant's Appendix E). Although the district court had previously denied summary judgment on EnviroFuels' breach of contract claim, EnviroFuels

---

[8] We note that EnviroFuels' claim is somewhat disingenuous considering that at the summary judgment stage of this proceeding EnviroFuels' sole counterclaim was that Midwest breached the "oral contract" as defined by it. <u>See</u> (Supplemental Appendix of Appellee, Tab A at ¶ 53-56; Appellant's Appendix D at 14).

apparently abandoned this claim at trial, seeking to proceed solely on its quantum meruit claim for damages during the last three supply periods of the EnviroFuels/ARCO contract.[9] In its opening statement, EnviroFuels represented that "one issue is presented for trial in this case, that is the question of quantum meruit," id. at 5-6, and "we're limiting our proof to what we think the benefit was during the three years of the [EnviroFuels/ARCO] contract that were performed." Id. at 16.

At the conclusion of the bench trial, the district court denied EnviroFuels' claim for quantum meruit. The district court found:

> Although EnviroFuels did confer a benefit upon Midwest (the promise to purchase ethanol from Midwest at the ARCO price less 1.5%), Midwest did not retain the benefit without payment for its value. The evidence is uncontroverted that EnviroFuels received from Midwest the agreed-upon 1.5% for all ethanol deliveries to ARCO made pursuant to the EnviroFuels/ARCO supply contract. In addition, EnviroFuels received from Midwest the commitment to supply ethanol for the remaining three years of the supply contract. Such commitment relieved EnviroFuels of the risk of production costs rising during the course of the EnviroFuels/ARCO contract, which could have resulted in lower or negative profit margins to EnviroFuels. Thus, because Midwest has fully paid EnviroFuels for the benefit EnviroFuels conferred upon Midwest, EnviroFuels has failed to establish any claim to restitution under a quantum meruit theory.

(Appellants' Appendix F at 8). In addition, the court found that EnviroFuels could not recover under the theory of quantum meruit because the implied promise it sought to establish was contradicted by an express term of the completed oral contract. Id.

In denying EnviroFuels' claim that it was entitled to commissions on the Midwest/ARCO contract, the district court found that the "any successor thereto" language in the April 22, 1992, letter, which EnviroFuels argues entitles it to the commission, "[wa]s not pertinent to any obligation

---

[9] If the district court took dispositive action on EnviroFuels' breach of contract claim subsequent to the partial summary judgment proceeding, EnviroFuels has failed to alert this court of such action and the district court's docketing sheet does not reflect any such action. See (Supplemental Appendix of Appellee Tab 1).

on the part of Midwest. Said language was only contained in the letter, which never resulted in any contractual obligation." Id. at 10. In addition, the court found that the contracts between Midwest and ARCO were not the result of any efforts by EnviroFuels. Id.

After a thorough review of the record, we agree with the district court. First, the record fully supports the district court's determination that EnviroFuels failed to establish that it was entitled to quantum meruit. To succeed on the theory of quantum meruit under Kansas law, the plaintiff must establish three elements:

> (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

J.W. Thompson Co. v. Welles Prods. Corp., 758 P.2d 738, 745 (Kan. 1988). While EnviroFuels' favorable price term undoubtedly benefitted Midwest with Midwest's knowledge and appreciation, Midwest did not retain this benefit under inequitable or unjust circumstances. As the district court found, EnviroFuels received from Midwest the commitment to supply ethanol to meet the requirements of the EnviroFuels/ARCO contract for the last three supply periods, thus, relieving EnviroFuels of any risk of increased production costs. See (Appellant's Appendix F at 8). Midwest, on the other hand, incurred this risk of rising production costs over a long term contract in exchange for the favorable price term.

Second, the district court correctly determined that EnviroFuels could not recover on its theory of quantum meruit because the implied promise it sought to establish was in direct conflict with an express term of the completed oral contract. Quantum meruit or unjust enrichment is based on "a promise implied in law that one will restore to the person entitled thereto that which in equity

and good conscience belongs to him." J.W. Thompson Co., 758 P.2d at 744 (quoting Peterson v. Midland Nat'l Bank, 747 P.2d 159 (Kan. 1987)). However, a party cannot recover on a quantum meruit theory when the contract to be implied would contradict a term of an express contract. See Shell Petroleum Corp. v. Shores, 72 F.2d 193, 195 (10th Cir. 1934) ("It is sufficient to say that in our judgment [plaintiffs] are not permitted to recover damages at law upon a state of facts in derogation of the express covenant contained in their written contract.").

At trial, EnviroFuels sought to establish it was entitled to at least another 6% commission on all ethanol Midwest supplied under the EnviroFuels/ARCO contract. However, as the district court found, this "implied" commission term is in direct conflict with the express oral agreement of the parties, as established by the testimony at trial. See (Appellant's Appendix F at 4 ¶15 & 8-9). We also note that this "implied" commission term is in direct conflict with the district court's partial summary judgment order on the terms of the oral contract. EnviroFuels President Ben Henneke, Jr. (Henneke) testified that although he knew the assignment had been ineffective, he believed the parties were operating under the terms of the April 22, 1992, letter, which required Midwest to fulfill the terms of the last three years of the EnviroFuels/ARCO contract with EnviroFuels receiving a 1.5% commission. (Appellant's Appendix E at 57). On cross-examination, Henneke clarified that Midwest and EnviroFuels agreed to "continue the agreement [the April 22, 1992, letter] we had except for the fact that we would out wait [sic] ARCO on the assignment issue because we were able to achieve all the goals as far as Midwest was concerned and as far as we [EnviroFuels] were concerned without having that formal assignment." Id. at 76-77. In addition, EnviroFuels' Vice-President Charles W. Williams testified that during the last three supply periods of the EnviroFuels/ARCO contract he believed that they were operating under the terms outlined in the

April 22, 1992, letter.  Id. at 123.

Therefore, we hold that the district court did not err in finding that EnviroFuels failed to establish its entitlement to recovery based on quantum meruit.

**AFFIRMED.**

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge