**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARY J.C. GARCIA,

       Plaintiff-Appellant,

v.

DONALD RUMSFELD, Secretary,
Department of Defense,

       Defendant-Appellee,

and

JAMES G. ROCHE, Secretary,
Department of Air Force,

       Defendant.

No. 03-2302

(D.C. No. CIV-02-525 JB/RLP)
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Mary J.C. Garcia filed suit against her employer, the Department of

Defense (DOD), alleging employment discrimination on the basis of age, gender,

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and national origin, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1). The district court granted summary judgment in favor of the DOD on all claims. Garcia appeals, contending the court erred in concluding an investigation is not an adverse action, that Garcia had not produced evidence of a causal connection between her protected activity and the adverse action taken against her, and that she had not produced sufficient evidence to create an issue of material fact regarding the DOD's motives for the adverse actions taken against her. We affirm.

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. Simms, 165 F.3d at 1326.

The parties are familiar with the factual background of this case. We will

2

only refer to those facts necessary to address the specific issues raised.

Garcia frames her appeal as challenging the district court's order to grant summary judgment in its entirety; however, she fails to develop arguments as to the vast majority of allegations of discrimination and retaliation advanced in her complaint and addressed by the district court in its summary judgment order. She mentions many of these allegations briefly, but fails to present any argument or evidence showing how the court erred in granting summary judgment related to these facts/incidents. Failure to raise an issue in the opening appellate brief waives that issue. State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994). Similarly, the court will not consider an issue raised on appeal but not adequately addressed. Wilburn v. Mid-South Health Dev., Inc., 343 F.3d 1274, 1281 (10th Cir. 2003). An issue is waived if the party merely lists it as being raised on appeal, but fails to present argument in support of the issue. Abercrombie v. City of Catoosa, Okla., 896 F.2d 1228, 1231 (10th Cir. 1990).

*Removal from supervisory position*

Garcia contends she was removed from her supervisory position for impermissible reasons, including discrimination based upon age, national origin, and gender, and in retaliation for complaining about discriminatory behavior. As stated by the district court, this claim fails because the DOD has articulated legitimate non-discriminatory/non-retaliatory reasons for its actions, which Garcia

3

failed to show were pretextual. "If the employer provides a legitimate, non-discriminatory justification for the action, the burden shifts back to the employee to provide evidence showing that the employer's proffered reason is a pretext for discrimination." Stover v. Martinez, 382 F.3d 1064, 1071 (10th Cir. 2004). An employee can demonstrate that the non-discriminatory/non-retaliatory reason is mere "pretext by showing the employer's proffered reason was so inconsistent, implausible, incoherent, or contradictory that it is unworthy of belief." Id.

The DOD set forth non-discriminatory/non-retaliatory reasons for Garcia's removal as stockpile chief, which Garcia failed to controvert.[1] Colonel Prewitt and Garcia had discussed merging the stockpile control division with the nuclear inventory control point division. Both believed that consolidation would result in better use of computer specialist support staff and would help prepare for anticipated downsizing resulting from early retirement incentives. Garcia recommended that a military member serve as division chief, allowing Garcia to concentrate her efforts on other projects. The divisions were consolidated in

_____

[1] District of New Mexico Local Rule 56.1(b) provides:
    A memorandum in opposition to the motion must contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the opposing party relies, and must state the number of the movant's fact that is disputed. All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted.

4

August 1997 and Commander Brenner was appointed chief of the combined divisions. Colonel Prewitt removed Garcia's supervisory responsibilities based in part on the results of the Crandley investigation and because he had received numerous complaints from employees who were unhappy with Garcia's leadership style. Garcia did not dispute these facts and the district court, pursuant to Rule 56.1(b), deemed them admitted.

Garcia nevertheless asserts on appeal that the temporal proximity between the removal of her supervisory responsibilities and her complaint that the Crandley investigation was discriminatory, when combined with Prewitt's departure from DOD policy guidelines in relying on the Crandley investigation to remove her supervisory responsibilities, demonstrate a retaliatory motive. She argues these facts are sufficient to show the DOD's non-retaliatory reasons were mere pretext.

Garcia contends her complaint about the Crandley investigation, followed four months later by her removal from her supervisory position, was close enough in time to demonstrate retaliatory motive.[2] Standing alone, a four-month gap is too great to establish a causal connection between the protected activity and the

---

[2] Garcia notes only that she complained sometime after April 4, 1997, that the Crandley investigation was discriminatory and she was removed from her supervisory role in August 1997. She does not dispute the DOD's characterization of the gap as being four months between her complaint and her removal.

5

alleged retaliatory action.  Further, the closeness in time between the protected activity and the alleged retaliatory action does not address whether the DOD's reasons for its actions were merely pretext.  See Richmond v. ONEOK, Inc., 120 F.3d 205, 209 (10th Cir. 1997) (finding a three-month period between the protected activity and termination, standing alone, did not establish a causal connection which would support a retaliation claim under the Fair Labor Standards Act).  As for her argument that reliance on the Crandley investigation shows the DOD's reasons are mere pretext, it is not a logical or reasonable inference that the DOD's reliance on Crandley's report established retaliation.  Reliance on Crandley's report, even if in violation of DOD regulations, only bolsters the DOD's assertion that its motive for removing Garcia from her supervisory role was not retaliatory.  The report suggested that Garcia should be removed from her supervisory role based upon her overtime abuse, a non-retaliatory reason advanced by the DOD.  To avoid summary judgment, Garcia was required "to provide evidence showing that the employer's proffered reason is a pretext for discrimination."  Stover, 382 F.3d at 1071.  Garcia failed to provide evidence that showed the DOD's proffered reasons were pretextual and she conceded facts that showed these reasons were not pretextual.

*Investigations*

Garcia argues the investigations regarding her actions constituted adverse

6

employment action. Even assuming, arguendo, these investigations constituted adverse employment actions, Garcia fails to show the DOD's non-discriminatory/non-retaliatory reasons for conducting the investigations were mere pretext. In fact, Garcia contends "the Court should not consider what reasons the Defendant/Appellee may have had for investigating Ms. Garcia, only that Ms. Garcia was investigated." Reply Br. at 2. This viewpoint ignores the pivotal issue in this case. If the DOD's reasons for conducting these investigations were non-discriminatory and non-retaliatory, the investigations cannot serve as a basis for either a Title VII or an ADEA violation.

The DOD provided non-discriminatory/non-retaliatory reasons for conducting the investigations. In March 1997, the DOD inspector general received a call from an individual accusing Garcia and two other employees of engaging in time and attendance fraud. The chief of staff directed Colonel Crandley to investigate the allegations. Crandley found evidence to substantiate some of the allegations against Garcia and concluded Garcia was paid for 32 hours of overtime for hours not worked. Crandley also recommended that an inquiry be conducted to determine whether Garcia retaliated against other employees for providing him with information related to the investigation. In July 1997, Crandley met with Colonel Prewitt to discuss the results of his investigation. In August 1997, Crandley informed Prewitt that, pursuant to DOD

regulations, his investigative report could not be used to discipline Garcia. Prewitt then conducted his own investigation and reached the same conclusion regarding Garcia's conduct. In September 1997, Captain Sedivy asked Lieutenant-Colonel Wrinkle to assess the validity of allegations that Garcia, as well as two other employees, retaliated against or threatened to retaliate against employees for providing information to Crandley. Wrinkle concluded that Garcia and two other employees had engaged in retaliatory activities. Sedivy believed an independent and more thorough investigation was needed and he authorized Colonel Johnson to investigate. Johnson's investigation began in late November 1997 and concluded in early January 1998 after Garcia's retirement.

In her response to the DOD motion for summary judgment, Garcia objected to the statement that Sedivy's decision to authorize the investigations by Wrinkle and Johnson had nothing to do with her race, gender, age, national origin, or prior EEO activities and that no actions were taken against Garcia based on Wrinkle's findings.[3] However, as noted by the district court, Garcia failed to present any evidence controverting the DOD's explanations for these investigations, nor did Garcia specifically controvert any other facts regarding these investigations. As for the investigations authorized by Sedivy, Garcia did not controvert the non-

---

[3] The district court indicated that Garcia failed to controvert these facts in accordance with Rule 56.1(b).

discriminatory/non-retaliatory reason asserted by DOD, i.e., that Sedivy authorized Wrinkle to investigate Garcia to determine the validity of allegations that she retaliated against other employees for cooperating with Crandley. Wrinkle's findings showed that Garcia did retaliate against other employees. Sedivy authorized a follow-up investigation by Johnson to verify the accuracy of Wrinkle's findings. This evidence tends to show that the DOD took action against Garcia because of her improper actions toward other employees. Accordingly, Garcia fails to offer any evidentiary basis for concluding the DOD's non-discriminatory/non-retaliatory reasons were mere pretext.

*Denial of VSIP (retirement incentive) application*

Garcia insists in her reply brief that, contrary to the DOD's contention, she has not abandoned her claims related to the denial of her VSIP application.[4] Assuming, arguendo, that this claim has not been waived, Garcia fails to show that the VSIP committee's non-discriminatory/non-retaliatory reason for denying her application was mere pretext. The DOD stated that Garcia's application was denied because the DOD determined it was inappropriate to offer a retirement inducement incentive to an employee who was likely to be terminated for improperly retaliating against other employees. To avoid summary judgment,

---

[4] The VSIP is a DOD program that pays a bonus to employees to encourage early retirement.

9

Garcia needed to present evidence showing this reason was mere pretext.  Stover,

382 F.3d at 1071.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge